12355. WESTMORELAND *v.* GAINESVILLE & NORTHWESTERN
RAILWAY COMPANY.

BROYLES, C. J. 1. Where A and B enter into a contract which contains no stipulation as to the time of its performance, and A (the party who agrees to perform) fails to perform within a reasonable time, performance within such time is waived by B if after such failure he urges A to perform and A thereupon does perform, and the performance is accepted as satisfactory by B. *Jordan* v. *Rhodes,* 24 *Ga.* 478; *Moody* v. *Griffin,* 60 *Ga.* 460; *Greene County Oil Co.* v. *McCaw Mfg. Co.,* 9 *Ga. App.* 39 (70 S. E. 201), and authorities cited; *Hollister* v. *Bluthenthal,* 9 *Ga. App.* 176 (8) ·(70 S. E. 970).

(*a*) This ruling is not in conflict with the decision in *Bernhardt* v. *Federal Terra Cotta Co.,* 24 *Ga. App.* 635 (101 S. E. 588), for the facts of that case were quite different from those in the instant one.

2. Under the above ruling and the facts of this case, the court did not err in awarding a nonsuit.

           *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
                 DECIDED JUNE 14, 1921.

Action for damages; from city court of Hall county — Judge Sloan. February 22, 1921.

The action was for alleged breach of a contract of the railway company to put stock-gaps in its right of way through the plaintiff's land. The petition alleged, that he made a deed to the company to a right of way across a 55-acre tract of land, and the deed contained a clause that the company "was to put in all necessary stock gaps;" that on this tract he had a 5-acre pasture where he kept his stock, and he explained to the company that the railroad going through his pasture would shut off his stock from a creek — the only means he had of watering his cattle; that while no time was specified in which the stock-gaps were to be put up, it was nevertheless understood that it was to be within a reasonable time and with as little delay as possible; that the company did not comply with the contract and failed to erect the stock-gaps as it had agreed to do; that after the railroad was run through his land the only means he had of watering his stock

was to take them to a well outside his pasture, and the pasture was fully two miles from his residence; that the use of this pasture was practically destroyed for a period of five years preceding the 17th or 18th of September, 1917; that thereby he was injured and damaged in the sum of $500; and that he "has at all times urgently requested the defendant company to comply with its contract to put in the gaps." The suit was filed in May, 1918.

On the trial the plaintiff (the only witness) admitted that the stock-gaps were put in by the defendant in September, 1917, and that he was entirely satisfied with the gaps put in; that he never gave the defendant written notice as to where he wanted the stock-gaps put, but that from time to time he urged the agents of the defendant to put them in, and that the last time he so urged them was in the summer of 1917, when he threatened to bring suit unless the gaps were put in, and that shortly after that they were put in, and were entirely satisfactory.

*B. P. Gaillard Jr.,* for plaintiff. *Dean & Wright,* for defendant.