37015.  BERSTON *v.* FUTO.

Decided January 23, 1958.

6

*Edward E. Carter, William R. Harp,* for plaintiff in error.
*Haas, Holland & Blackshear, M. H. Blackshear, Jr.,* contra.

TOWNSEND, Judge. ■ Counsel for the defendant contends that a reading of the petition shows only an alleged breach of contract

resulting from late performance, and that by the subsequent agreements between the parties late performance was waived. The petition shows more, however, for it alleges not only late performance but failure to perform, for there is a positive allegation that from April 1, 1954, to February 18, 1956, when delivery was finally made, the defendant never did make certain described repairs as contracted. In *Trustees of the Monroe Female University* v. *Broadfield*, 30 *Ga.* 1 (1, 2), it was held: "When carpenters agree to do work, according to specifications, in a neat and workman-like manner, and fail, not only to comply with the contract, but do the work unskillfully and negligently, they are liable to respond in damages to the employer for all injuries resulting from the breach of the contract. The fact that the employer accepts the work and agrees to pay for it according to contract does not relieve the carpenters from such liability, unless the employer, at the time, knows of the deficiencies or breach of contract, and expressly agrees to waive his rights under the same, which must affirmatively appear." See also *Colt Co.* v. *Hiland*, 35 *Ga. App.* 550 (3) (134 S. E. 142); *Cannon* v. *Hunt*, 116 *Ga.* 452 (5) (42 S. E. 734). The fact that the plaintiff finally took delivery of the automobile does not absolve the defendant from performing the contract as agreed. According to the allegations of the petition the defendant agreed to repair the automobile in a satisfactory and workmanlike manner and place it in new condition. Since a petition is never subject to general demurrer where it sets out a cause of action for any part of the amount sued for, the general demurrer was erroneously sustained for this reason.

■ This case was apparently decided, and the briefs of counsel for both parties are devoted to, the question of whether or not the petition states a cause of action for a breach of contract resulting from delay of performance. Because of its importance to a proper trial of the action this question is given consideration. Even though time is of the essence of a contract, it may be waived by the agreement or conduct of the parties, and one who agrees to extend the time of performance cannot, either during the period of the extension or later after performance has been accepted, either claim that the contract was rescinded by the breach or recover damages for the delay. For example, in *Greene County*

*Oil Co.* v. *McCaw Mfg. Co.,* 9 *Ga. App.* 39 (70 S. E. 201), the defendant, who accepted for resale a late delivery of a tank of oil which was itself satisfactory, but which had depreciated in price during the intervening time, had no right to offset against the contract price of the oil his damages resulting in decreased profits due to delay in delivery. In *Westmoreland* v. *Gainesville & Northwestern Ry. Co.,* 27 *Ga. App.* 176 (107 S. E. 891), a plaintiff who gave the railroad company a right-of-way conditioned upon the defendant putting up certain stopgaps or fencing, had no cause of action for damages after the work was satisfactorily installed and accepted by him, although the defendant breached the contract to the plaintiff's damage by failing to make installation within the time limited. This case holds (headnote 1) that "performance within [the stipulated] time is waived by B if after such failure [to perform] he urges A to perform and A thereupon does perform, and *the performance is accepted as satisfactory."* (Italics ours.) In *Alabama Construction Co.* v. *Continental Car & Equipment Co.,* 131 *Ga.* 365, 370 (62 S. E. 160) it is held that if there is a consideration for waiving damages for breach of that part of a contract relating to time of delivery, an express or implied agreement to that effect will be binding on the parties. "If the party who is not in default, by his acts or conduct, induces the one who is in default, before performance has been had, to perform in a certain manner, generally he will be estopped from claiming damages." P. 370. That case held that a letter from the vendee to the vendor after the latter had made a late shipment of the commodity stating that he would, remit upon arrival would not estop the vendee from claiming damages for delay because the evidence failed to show that the vendor had acted upon it. The rule was stated (p. 370): "If there is a consideration for waiving damages, an express or implied agreement to that effect is valid and will be binding." In *Gude & Walker* v. *Bailey Co.,* 4 *Ga. App.* 226, 230 (61 S. E. 135), the plaintiff vendor agreed to deliver to the defendant certain lumber, the time element being of particular importance. After several delays, during which the vendee threatened the vendor with an action for damages, the vendee wrote, "If you will get us this material promptly, however, there will be no question about damages . . . , and we trust you will do so." P. 230. The material was not delivered promptly,

but after long delay it was delivered and accepted. The court held that the letter was no more than an offer to waive damages for delay on condition; that the consideration contemplated was subsequent prompt delivery, that, unless the consideration was complied with, the promise to waive damages was nudum pactum, and that "an offer by the promisee to waive damages resulting from the breach of the term of a contract as to the time of performance, on condition that the other party thereafter make prompt delivery, becomes a valid agreement only upon compliance with the condition." (Headnote 2a.) Again, in *Van Winkle & Co.* v. *Wilkins*, 81 *Ga.* 93 (7 S. E. 644, 12 Am. St. R. 299) it was held that where sawmill equipment was ordered for delivery at a stipulated time and warranted as first class, receiving and installing the equipment on the part of the defendant did not bar its defenses to an action for the purchase price either that the equipment was not as ordered or that the defendant had been damaged by delay in receiving it.

Under that view of all these cases which is most favorable to the defendant, it is obvious that this much, at least, is true: where time is of the essence of the contract, an offer or an agreement to extend the time conditioned upon the defendant performing is not binding on the plaintiff where the defendant in fact fails to perform. Each alleged agreement for extension of time in this petition is conditioned upon the defendant (a) meeting the new deadline, and (b) satisfactorily completing the original contract. And as to each new agreement, the defendant failed in both particulars to fulfill the condition which it assumed. Had the work, as finally delivered to the plaintiff, been satisfactory and the plaintiff accepted it as such, perhaps he would be estopped to complain now. Such a case is not presented, however, by the plaintiff's petition. He says in effect that the defendant has never completed his contract; that six times he extended the time of performance on condition that the work be completed, and that the consideration for these extensions of time has wholly failed. Under such circumstances the plaintiff is entitled to such damages as he may be able to prove proximately resulted from the defendant's failure to comply with the terms of the contract.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*