## 48560. HOWELL v. AYERS et al.

EBERHARDT, Presiding Judge. W. W. Howell, Jr., owning a lot on which he desired to have a house built for him, entered into negotiations with John Ayers, president and the only paid employee of Ayers Enterprises, Ltd., a corporation, for the construction of the house. Howell and the corporation entered into a written contract which provided that "John C. Ayers, Pres., Ayers Enterprises, Ltd., does hereby agree to provide the supervision to construct" the house on a cost-plus-15% basis. John Ayers entered upon performance of the work, hiring the subcontractors, supervising them, etc., and after substantial sums of plaintiff's money had been expended, Howell discharged Ayers and his corporation because of faulty construction work and failure to follow the construction plans. Howell then contracted with another construction company to complete the house and to correct as many of the defects as was economically feasible, although there were many defects which were not economically feasible to correct.

Howell subsequently instituted the present action against Ayers Enterprises, Ltd., and its president and agent, John Ayers, who actually supervised the work, seeking to recover damages resulting from deviation from the plans and unskilful and

negligent supervision of the work. At the close of plaintiff's evidence, the trial court directed a verdict for both defendants, and plaintiff appeals. *Held:*

1. (a) "As a general rule, there is implied in every contract for work or services a duty to perform it skilfully, carefully, diligently, and in a workmanlike manner." 17 AmJur2d 814, Contracts, § 371. Accord: *Doster v. Brown,* 25 Ga. 24. "The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. *Trustees of The Monroe Female University v. Broadfield,* 30 Ga. 1; *Block v. Happ,* 144 Ga. 145 (86 SE 316); *Porter v. Davey Tree Expert Co.,* 34 Ga. App. 355 (2) (129 SE 557)." *Allied Enterprises v. Brooks,* 93 Ga. App. 832 (1a) (93 SE2d 392). Accord: *Housing Authority of City of Carrollton v. Ayers,* 211 Ga. 728, 733 (88 SE2d 368); *Bodin v. Gill,* 216 Ga. 467, 472 (117 SE2d 325); *McKee v. Wheelus,* 85 Ga. App. 525 (69 SE2d 788); *Berston v. Futo,* 97 Ga. App. 5 (102 SE2d 87); *Talerica v. Grove Park Plumbing Service,* 103 Ga. App. 591 (120 SE2d 36); *Mauldin v. Sheffer,* 113 Ga. App. 874, 880 (150 SE2d 150); *Amos v. McDonald,* 123 Ga. App. 509, 510 (181 SE2d 515). See also *Cannon v. Hunt,* 116 Ga. 452 (42 SE 734); *Orkin Exterminating Co. v. Buchanan,* 108 Ga. App. 449 (133 SE2d 635). "In a proper case the question of whether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by a jury." *Mauldin v. Sheffer,* 113 Ga. App. 874, 880, supra.

(b) The evidence here did not demand a finding that the supervision of the construction work was performed with a reasonable degree of care, skill and ability.

2. There is no merit in the contention that plaintiff took two checks from defendants in full accord and satisfaction of the entire claim. The evidence shows that defendants were drawing on plaintiff's bank account to pay subcontractors and materialmen, that more money had been drawn out than was owed, that some of the money was used to pay accounts on another house, and that the two checks given plaintiff were for these two items of overpayment. Under these circumstances a finding was not demanded that the entire claim sued upon was precluded by accord and satisfaction. See *Armour v. Ross,* 110 Ga. 403 (35 SE 787); *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240, 243

(73 SE 418).

3. Since no sufficient basis has been made to appear to sustain the trial court's direction of a verdict in favor of the defendant corporation, which was a signatory to the contract, that judgment must be reversed.

4. Similarly, since the evidence is sufficient to show misfeasance and negligence on Ayers' part in undertaking to supervise the construction work as the servant and employee of the corporation, the jury could properly have found him personally liable, it being no defense that he was acting in a representative capacity for the corporation or that the damages were occasioned by breach of duty imposed by a contract between the plaintiff and defendant Ayers' employer. *Owens v. Nichols,* 139 Ga. 475, 476 (1) (77 SE 635). Accord: *Hoppendietzel v. Wade,* 66 Ga. App. 132 (17 SE2d 239); *Sharp-Boylston Co. v. Bostick,* 90 Ga. App. 46 (81 SE2d 853); *Ramey v. Pritchett,* 90 Ga. App. 745 (84 SE2d 305). See *Atlantic C. L. R. Co. v. Knight,* 48 Ga. App. 53 (171 SE 919).

5. Appellee's contention that appellant elected to sue on the contract and thus could not at the same time proceed for negligence in the performance of the contractual duty to build with skill and in a workmanlike manner is without merit. Code § 3-114, as amended by Ga. L. 1967, pp. 226, 247; *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748); *Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890). The case of *Mauldin v. Sheffer,* 113 Ga. App. 874, supra, does not require a different conclusion, since it antedates the Act of 1967, amending Code § 3-114.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 27, 1973 — REHEARING DENIED OCTOBER 12, 1973 —

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellant.

*Katz, Paller & Land, G. Roger Land,* for appellees.