## 30313. ADAMS-CATES COMPANY et al. v. MARLER et al.

INGRAM, Justice.

Certiorari was granted to review the construction given *Weaver v. Whaley,* 233 Ga. 635 (212 SE2d 812) by the Court of Appeals in *Adams-Cates Co. v. Marler,* 135 Ga. App. 298 (217 SE2d 398) (1975).

The appeal from the trial court is from an order denying plaintiffs' motion for partial summary judgment on part of the relief sought by the defendants in their answer and counterclaim. The trial court concluded there were genuine issues as to material facts and denied the motion for summary judgment but certified it for review.

The Court of Appeals did not reach the merits of the appeal, as it decided there was no enumerated error which contested the trial court's decision on the summary judgment motion and the Court of Appeals affirmed the trial court's judgment by holding that it was bound to do so under the *Weaver* decision of this court.

While it is true that neither of the three enumerations of error asserted by appellant complain of the exact language in the trial court's order which denied the plaintiffs' summary judgment motion, we believe the enumerations of error are sufficient to require a ruling on the merits of the appeal. The ruling of the trial court in its order from which the appeal was taken is identified and that ruling is asserted as error. *Weaver v. Whaley,* supra, was not intended to require the construction placed on it by the Court of Appeals in this case. We regret that court may have been misled by this court's opinion in *Weaver,* which was correctly decided under the record of that case.

The correct rule with respect to the legal sufficiency of an enumeration of error is that it "need be only sufficient to point out the error complained of . . ." *Puckett v. Puckett,* 222 Ga. 653 (151 SE2d 767) (1966). "[T]he subject matter need be indicated only in the most general way", (*Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756) (1965)), and if the error asserted is properly supported, as provided by the rules of the appellate court, it should be considered on the merits.

The present appeal would have been decided on its

merits by the Court of Appeals if *Weaver v. Whaley,* supra, had not been misapplied. Therefore, the judgment of the Court of Appeals will be reversed and the case remanded to that court for a decision on the merits.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED NOVEMBER 12, 1975 — DECIDED NOVEMBER 24, 1975.

*King & Spalding, Jack H. Watson, Jr., Michael C. Russ,* for appellants.

*Lokey & Bowden, Hamilton Lokey, Charles M. Lokey,* for appellees.