65064. COURSEY BUILDING ASSOCIATES et al. v. BAKER.

SOGNIER, Judge.

This suit was brought by appellee Baker seeking damages for the negligent repair and reconstruction of a basement wall and breach of contract by appellants Coursey Building Associates (Associates) and its president J. Walter Coursey (Coursey). The appeal is from a special jury verdict and judgment against both appellants in the amount of $10,000, and the denial of their motion for judgment notwithstanding the verdict or alternatively for new trial.

The contract entered into by the parties called for Coursey and

Associates to do extensive repairs, waterproofing and reconstruction of a basement wall to alleviate a water and drainage problem which was causing the wall to lean and crack. Appellants agreed to effectuate these repairs at cost plus 20% for a total price of approximately $4,000. Baker understood that the solution proposed would not be effective if the problem was more serious than appellants thought. After the repairs were performed the wall cracked again, Coursey wrote Baker a letter stating that the concrete footing at the foundation which was flaking badly may have caused the damage, and proposed that appellants build a retaining wall at a cost of $5,000. Baker agreed, but before the work was finished the wall cracked again and began to collapse. Coursey consulted a structural engineer and prepared a third proposal which he presented to Baker. Baker also consulted a structural engineer, Al Lagerstrom, who reviewed the situation and recommended still another plan. Coursey agreed to have Associates follow the Lagerstrom plan if Baker would sign a release and pay them $3,000 plus half the materials. At this time the wall was collapsing, a large cavity had formed under the driveway next to the wall, the exterior of the house had been damaged and the landscaping ruined, and Baker had paid appellants $9,500. Baker then hired another contractor and paid $12,000 to have the wall repaired in accord with the Lagerstrom plan.

1. Appellants contend that the trial court erred in permitting Lagerstrom, who was qualified to give expert testimony as a "structural engineer," to state his opinion on the standard of care expected of a *contractor.* Lagerstrom testified that he had a bachelor's degree in civil engineering, had been engaged as a "structural engineer" for 25 years in the design structure for buildings, and for the last 15 years as a consulting engineer. He was declared competent to testify as an expert by the court and was asked to give his opinion as to the standard of care "that should have been used in the . . . planning and construction of the wall, the things that Mr. Walter Coursey did." Lagerstrom testified that in his opinion the wall should have been attached to the floor so the house would then stay on top, but that first it should be determined if the wall was capable of spanning ten feet; that the steel reinforcements used by appellants were not "practical"; and that the drainage plans should have included piping the ground water around the wall. Lagerstrom was clearly knowledgeable in this field of construction.

"To qualify as an expert [see OCGA § 24-9-67; former Code § 38-1710], generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. [Cits.] Formal education in the subject at hand is not a prerequisite for expert status. Whether

one qualifies as an expert lies within the trial court's discretion. [Cits.] Appellant has shown no abuse of his discretion by the trial judge in permitting this witness to testify." *Bowden v. State,* 239 Ga. 821, 826 (3) (238 SE2d 905) (1977). Accord, *Hogan v. Olivera,* 141 Ga. App. 399 (1-c) (233 SE2d 428) (1977). See generally Agnor's Ga. Evid. § 9-9.

2. Appellants complain that the trial court erroneously permitted Lagerstrom to express his opinion as to the ultimate fact in issue, which was whether or not appellants' work met the standard of care applicable to a contractor. We do not agree. It is essential to present competent evidence as to the acceptability of specific professional conduct. *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976). "The propriety of expert opinion as to whether a particular condition is safe or unsafe certainly is within the scope and purview of an expert's opinion. [Cit.] Moreover, testimony as to causation is a proper matter for expert testimony. [Cits.] We find no error in allowing the expert to give the opinions as to which objection was made nor do those answers invade the province of the jury." *Pembrook Mgt. v. Cossaboon,* 157 Ga. App. 675, 679 (5) (278 SE2d 100) (1981).

3. Neither do we agree that the trial court erred in allowing evidence of the structural repairs necessary to rebuild the wall subsequent to Coursey and Associates' efforts. This was not unrelated activity nor irrelevant to the issues before the court, as appellants argue, but demonstrated to the jury the effectiveness of Lagerstrom's plans as well as providing evidence of the reasonable cost of these corrective actions for the purpose of establishing damages. See, e.g., *Kuhlke Const. Co. v. Mobley, Inc.,* 159 Ga. App. 777 (2) (285 SE2d 236) (1981); *Four Oaks Properties v. Carusi,* 156 Ga. App. 422 (3) (274 SE2d 783) (1980); *Mabry v. Henley,* 123 Ga. App. 561 (2) (181 SE2d 884) (1971).

4. Appellants urge that a directed verdict in their favor should have been granted on the negligence count as there was no evidence that Coursey was negligent in the performance of his duties as agent of Associates. However, Coursey himself testified that he was aware before he started reconstruction work that the ground water flowed toward the problem wall; that "in hindsight" he recognized it would have been better to put rebars in for reinforcement; that he had used a structural coating without knowing its capabilities or consulting an engineer; and that he called an engineer after the wall cracked the second time because he "had no idea what was going on; there was something that was completely out of the scope of anything I ever experienced or anything that we'd ever had any experience with." Combined with the expert testimony, there was clearly sufficient

evidence of Coursey's negligence to put the issue before the jury. "Questions of negligence will not be decided by the court as a matter of law except in 'clear and indisputable' cases. [Cit.]" *Thompson v. Walker,* 162 Ga. App. 292, 293 (290 SE2d 490) (1982).

5. Appellants further insist that there was no evidence that Associates failed to perform under the contract or breached an applicable standard of care because the work was undertaken with the understanding that the problem might be such that mere repairs might not cure it. Directed verdict is not demanded for this reason. " '[A] single act or course of conduct may constitute either a breach of contract or an indpendent tort. If such act or conduct violates a contract obligation, suit may be brought on the breach. If the act or conduct violates a duty owed to plaintiff, independent of contract, to avoid harming him, suit may be brought on the tort. (Cits.) Suit may be brought on both as independent actions. (Cits.)' [Cit.]" There is a duty implied in every construction contract " ' "to perform it skillfully, carefully, diligently, and in a workmanlike manner." (Cits.) ... "(W)hether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by a jury." (Cit)' [Cits.] The issue here was properly presented to the jury and we will not disturb its verdict." *Sam Finley, Inc. v. Barnes,* 156 Ga. App. 802 (1) (275 SE2d 380) (1980).

6. We likewise disagree that a directed verdict should have been granted because of a failure to prove damages, as asserted by appellants. The undisputed evidence showed that appellants twice attempted to repair the wall and failed, receiving $9,500 from Baker, and that Baker then paid another contractor $12,000 to do the work. " 'It is a basic precept of our law that the amount of verdict is for the jury (Cit.) and where the jury verdict is "within the range of the testimony, as are the damages in this case, the appellate court should not reverse the judgment of the trial court." (Cit.)' [Cits.]" *Sam Finley,* supra, 803 (3).

7. Appellants contend that reversal is required because the trial court erroneously failed to instruct the jury that the proper measure of damages is the difference between the value of the property before and after the injury. However, appellants did not tender what they considered an appropriate charge, and the instruction given, that "[i]n a suit for breach of contract to construct, the proper measure of damages is the cost to the plaintiff to correct the defects in workmanship," is also a proper measure of damages. *Mabry v. Henley,* supra, at p. 567 (2); *Kuhlke Const. Co.,* supra at p. 779 (2).

8. Nor was it error to charge the jury in regard to damages arising from negligence, as there was sufficient evidence against both appellants to support such an instruction and the charge given was a

correct statement of the law as set forth in *Sam Finley,* supra, and cases cited therein. We find no cause for reversal for any reason assigned.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1983.

*Theodore H. Lackland, Jack K. Holland,* for appellants.
*Christopher J. Valianos,* for appellee.