67580. WHITE REPAIR & CONTRACTING COMPANY, INC. v. DANIEL et al.

CARLEY, Judge.

Appellees' home was damaged by fire, and appellees contracted with appellant to make repairs. After negotiating, the parties agreed that certain specified repairs would be effected at a cost of $7400. Appellant performed some work on the home and was paid $5933.05. However, appellees were not satisfied with the quality or the completeness of appellant's performance, and they did not pay appellant the remainder of the contract price.

Thereafter, appellant brought suit against appellees to recover $1466.95, the balance of the contract price. Appellees answered, claiming among their defenses a failure of consideration in that appellant had not performed its contractual obligation in a workmanlike manner. Appellees also counterclaimed for damages arising from appellant's alleged default under the contract, and for attorney fees. A trial was held, and the jury found in favor of appellees on the main claim and on the counterclaim. Appellees were awarded $995 for repairs, and $4000 for attorney fees. Appellant appeals from the judgment entered on the jury's verdict.

1. Appellant enumerates as error the trial court's denial of its

motion for judgment notwithstanding the verdict, or in the alternative for a new trial.

" '[I]n giving consideration to a motion for judgment notwithstanding the verdict, the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict.' [Cit.] Further, as regards the review of an order from a motion for new trial, '[o]ur responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies but merely to determine if there is sufficient evidence to authorize the trial court's judgment.' [Cit.]" *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 429 (274 SE2d 786) (1980).

In the instant case, appellant had "the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. [Cits.]" *Howell v. Ayers*, 129 Ga. App. 899, 900 (202 SE2d 189) (1973). Appellant's president testified that the work on appellees' home had been completed in compliance with the contractual requirements, and that the work which had been done was worth the contract price of $7400. Appellant's employee, who performed most of the labor involved, testified that the work had been done properly.

To rebut this evidence, appellees testified that appellant's work was unacceptable, and that they had performed many of the required repairs themselves after appellant had ceased working on the home. They described specifically their own expenditures of time, effort, and money. They also offered the testimony of two witnesses who were knowledgeable in the field of home renovation and fire restoration. These witnesses testified that the work performed by appellant was of poor quality, was not very professionally done, and was not in keeping with local standards of acceptable workmanship. Both of these witnesses enumerated specific examples of repairs which were improperly made or which were not made at all. These examples included failure to remove soot and smoke, improper installation of carpeting and kitchen flooring, improper installation of windows and doors, loose miter joints, and faulty detail and trim work. One of the experts estimated that $3800 would be a reasonable price to repair the house, taking into consideration the work which had been performed by appellant. However, this expert stated that his estimate was based on prices prevailing at the time he made his inspection, rather than on prices in effect at the time of appellant's performance. The other expert made his evaluation shortly after appellant ceased working on appellee's home. He testified that appellant had already been paid the value of the work it performed, and that the value of the remain-

ing repairs which were specified in the contract but which were not performed was $2000. The verdict for $995 returned by the jury was well within the range of the evidence.

We find that the evidence was sufficient to support the verdict, and the trial court did not err in denying appellant's motion for judgment notwithstanding the verdict, or in the alternative for a new trial. See *Piedmont Builders v. Fullerton*, 157 Ga. App. 126 (276 SE2d 277) (1981); *Coursey Building Assoc. v. Baker*, 165 Ga. App. 521 (301 SE2d 688) (1983). Compare *Holder v. J. F. Kearley, Inc.*, 153 Ga. App. 843 (267 SE2d 266) (1980).

2. Appellant also enumerates as error the denial of its motion for directed verdict as to appellees' counterclaim. "Appellant specifically asserts that appellee[s] failed to prove the amount of damages allegedly sustained. Our review of the transcript reveals that appellee[s] did offer specific evidence of damages incurred. '[I]n reviewing the [denial] of a motion for a directed verdict, the appropriate standard to be utilized is the "any evidence" test. [Cit.] A directed verdict is proper only where there is no conflict of evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. [Cit.]' [Cit.] There being evidence to support the verdict returned by the jury, the trial court did not err in denying the motion for directed verdict. [Cit.]" *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 170 (299 SE2d 123) (1983).

3. Appellant next asserts that its motion for directed verdict should have been granted with respect to appellees' claim for attorney fees.

"In *Ken-Mar Const. Co. v. Bowen*, 245 Ga. 676 [, 677] (266 SE2d 796) (1980), [it was] held that an award of attorney fees made pursuant to [OCGA § 13-6-11] 'should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense . . . .' " *Fuller v. Moister*, 248 Ga. 287, 288 (282 SE2d 889) (1981). The transcript in the instant case reveals no such supporting evidence. "[W]e are constrained to conclude that attorney fees are not recoverable in this case because there was a bona fide controversy between the parties. Good faith evidence was offered by [appellant] that he had performed all his contractual obligations in a workmanlike manner. Equally good faith evidence was offered by [appellees] that the work was not performed properly. [Appellees] claimed that much of the work had to be redone and submitted a counterclaim . . . .

"Attorney fees are not recoverable where there is a bona fide controversy. [Cits.] Furthermore, we find no evidence of bad faith on the part of [appellant] arising out of the original contract. [Cit.] Under the facts of this case, we conclude that it was error for the trial court to submit to the jury the issue of attorney fees in that there was no

evidence to support such a verdict." *Turner v. Wilmouth*, 161 Ga. App. 2, 3 (288 SE2d 839) (1982). See also *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218 (308 SE2d 564) (1983). Compare *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432 (301 SE2d 493) (1983).

4. Immediately prior to closing argument, appellant made a motion to reopen its case to offer other evidence. The trial court duly considered the matter and denied appellant's motion. Error is enumerated upon the trial court's ruling.

"It is always discretionary with the trial court to re-open after both parties have closed. [Cits.] The trial court has not been shown to have abused its discretion in failing to re-open the case and let in other evidence offered by the [appellant] after [appellant] had rested [its] case. *Holder v. J. F. Kearley, Inc.*, supra at 845.

5. "Appellant's final enumeration [apparently] raises the general grounds. This court does not pass on the weight of the evidence, only on the sufficiency thereof. If there is 'any evidence' to sustain the jury's verdict, an appellate court will not disturb it. [Cit.] The evidence in the instant case was sufficient." *Kent v. Hunt & Assoc.*, supra at 172.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 10, 1984 — 

*Kirby G. Bailey*, for appellant.
*Donald J. Ellis*, for appellees.