71506. ECHOLS et al. v. QUALITY MECHANICAL, INC.
(341 SE2d 3287)

SOGNIER, Judge.

Quality Mechanical, Inc. brought suit against Harold and Diane Echols seeking the balance due under an oral contract to install an air conditioning system in the Echolses' home. The Echolses counterclaimed alleging Quality Mechanical had failed to execute properly the work required by the contract. The jury found in favor of Quality Mechanical in the amount of $1,650.86 and judgment was entered against the Echolses in that amount. We note that since the record reveals the Echolses' counterclaim sought actual and punitive damages in the amount of $2,501, the discretionary review provision of OGCA § 5-6-35 (a) (6) is not applicable and therefore we have jurisdiction over the Echolses' direct appeal. *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985).

Appellee is a licensed mechanical contractor in the business of installing commercial heating and air conditioning. Appellants knew Jerry Davis, president of appellee, both socially and through business enterprises and contacted him to arrange for appellee to install a central air conditioning unit in their residence. Subsequently, the parties agreed that appellee would also replace appellants' furnace and install ducts to allow the flow of air conditioning into appellants' renovated garage-playroom. The work proceeded over a course of several months until it was approximately 95% complete. Appellee contacted appellants at least five times over the next few months seeking to arrange a time for the work to be completed while a member of the household was present (a requirement of appellee's insurance policy), but appel-

lants were never able to set a time. Subsequently, appellee discovered that appellants had called in another company to complete the work. Appellee filed suit to recover the remainder due on the contract.

Appellants contend the trial court erred by denying their motions for judgment notwithstanding the verdict, or, in the alternative, a new trial, and a motion to dismiss made during trial, all based on appellants' assertion that the contract was unenforceable because the electrical work involved in the contract was not performed by a licensed electrician. It is not controverted that appellee was fully licensed to install heating and air conditioning in appellants' house. Appellants, however, point to the electrical work performed by Davis when he connected the air conditioning unit to the electrical system in appellants' house. The evidence as to this incident shows that Davis connected the two systems at appellants' express request and on a strictly temporary basis. The connection was made on the last day appellee was allowed by appellants to work on appellants' residence and it is uncontroverted appellee was never allowed to return, with or without a licensed electrician, to properly connect the two electrical systems or to complete any of the remaining work. We do not agree with appellants' arguments that the electrical work performed by Davis as a personal favor at appellants' request and on a temporary basis comes within the meaning of electrical contracting in OCGA § 43-14-2 (6) so as to require a license under OCGA § 43-14-8 (a). Appellants never allowed appellee to return and complete the work, so the question whether appellee would have employed a licensed electrician to install the final electrical connection was not in issue and likewise we need not address the question whether the technical nature of the job was such as to require this work to be performed by a licensed electrician. The trial court did not err by denying appellants' motion to dismiss, motion for j.n.o.v., and new trial on this issue. See generally *White Repair &c. Co. v. Daniel*, 171 Ga. App. 501 (1) (320 SE2d 205) (1984); OCGA § 9-11-50 (a), (b).

Appellants also argue that the contract was void at its inception because appellee had no permit for the job and the work was never inspected. Appellants have failed to direct this court to any statutory requirement for these matters and the municipal building code to which appellants refer was not set out in the pleadings or introduced into evidence. This court will not judicially notice municipal ordinances. *Hood v. Mayor &c. of Savannah*, 247 Ga. 524 (277 SE2d 54) (1981). Further, we note that appellee presented evidence that it obtained a permit several months after work had ceased and though the permit obtained was issued by the incorrect authority, appellee's president testified that failure to obtain a proper permit could be remedied by the payment of a fine after the fact. As to appellants' arguments concerning the lack of inspection, we find no merit in this

assertion in view of the uncontroverted evidence that appellee was never allowed to complete the work.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 18, 1986.

*Charles R. Hager III*, for appellants.
*T. Jefferson Moore, Jr.*, for appellee.