73311. SHAW v. PETERSEN et al.
(350 SE2d 831)

BANKE, Chief Judge.

The appellant constructed a house for the appellee developers pursuant to an oral contract, and the appellees later sold the property to one Irene Mazone. Construction was substantially completed in September of 1977. In December of 1983, Ms. Mazone discovered certain damage to the structure, which, she came to believe, had resulted from defective construction. In November of 1984, she filed suit against the appellees to recover for this damage. After some discovery had taken place, the appellees impleaded the appellant as a third-party defendant and thereafter settled with Ms. Mazone for $9,450. The third-party claim against the appellant then proceeded to trial, resulting in a verdict and judgment in favor of the appellees and

against the appellant for $4,725. This appeal followed. *Held*:

1. The appellant contends that he was entitled to a directed verdict based on the appellees' failure to prove that the damage had resulted from a construction defect. We find this enumeration of error to be without merit.

There is implied in every construction contract a duty to perform the work skillfully, carefully, and in a workmanlike manner, a breach of which duty, proximately resulting in damage, constitutes a tort for which recovery may be had. See *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985); *Howell v. Ayers*, 129 Ga. App. 899 (1) (202 SE2d 189) (1973).

A licensed building contractor called by the appellees testified that, upon inspection of Ms. Mazone's house, he had observed cracks in the brickwork which, in his opinion, had resulted from an "abnormal" degree of settling caused by the placement of the foundation footings on fill dirt. Based on his knowledge and experience as a building contractor, the witness characterized the builder's failure to extend the footings to solid ground as being inconsistent with the exercise of that degree of skill ordinarily employed in the profession.

We hold that this testimony was sufficient to establish a prima facie case against the appellant. The fact that the witness could not "rule out" the possibility that the settling had resulted from an "earthquake or train or a plane, or a fault in the ground" did not, under the circumstances, preclude a finding by the jury that the placement of the footings on fill dirt had been the proximate cause of the damage, particularly in the absence of any evidence that any earthquake or ground fault had occurred or that the ground was subject to vibrations from train or airplane traffic.

2. The suit was not barred by the four-year statute of limitation applicable to actions for damage to realty (OCGA § 9-3-30). The cause of action did not accrue until December of 1983, when the damage first manifested itself (see *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, supra at 465), and the action against the appellant was filed less than two years later, in September of 1985. Also, since the damage was not discovered until the seventh year following the completion of construction, the action was not barred by the eight-year statute of repose set forth in OCGA § 9-3-51 (a), but could be filed at any time within two years of such discovery, pursuant to OCGA § 9-3-51 (b).

3. The appellant contends that the appellees' third-party complaint was defective in that it failed to state a claim upon which relief could be granted. However, "we have long since passed the stage where a judgment entered on a jury verdict may be set aside solely on the basis of a technical defect in the pleadings." See *Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26 (2) (338 SE2d 496) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1986.

*William J. Williams*, for appellant.
*Allen W. Johnson, Stanley C. House*, for appellees.