A92A1979. FUSSELL v. CARL E. JONES DEVELOPMENT COMPANY, INC. et al.
(428 SE2d 426)

BLACKBURN, Judge.

John W. Fussell brought suit against several defendants, asserting claims for fraud, negligent construction, and breach of warranty arising from his purchase of a newly constructed townhome. The trial court granted summary judgment on all claims as to one defendant and as to all defendants on the claim for breach of warranty, but denied the remaining defendants' motion for summary judgment on the negligent construction and fraud claims. Appeal was taken from portions of this ruling, and this court affirmed in *Fussell v. Jones*, 198 Ga. App. 399 (401 SE2d 593) (1991). The case then proceeded to trial against the remaining defendants, and the jury rendered a verdict for the defendants. Fussell appeals from the denial of his motion for new

trial.

The facts underlying appellant's claim are set forth in *Fussell v. Jones*, supra. Prior to trial, the parties prepared and the court entered a consolidated pretrial order setting forth the parties' contentions and listing the judgment forms to be used. During the trial, appellant sought to adduce evidence regarding negligent construction of the townhome and the damages he incurred as a result, but the trial court rejected this evidence, finding that prior to trial appellant had elected to pursue a fraud claim and seek rescission only.

1. In two enumerations appellant contends the trial court erred by excluding evidence of the tort of negligent construction and by refusing to allow the jury to consider an award of damages for negligent construction. He maintains the pretrial order included both claims and that the court erred by concluding that the grant of summary judgment to appellees on the breach of warranty claim precluded appellant from pursuing at trial the alternative theories of fraud and negligent construction. We agree.

(a) The trial court apparently concluded that because appellant had elected to rescind the contract and assert a claim for fraud, he could not maintain an action for negligence. With regard to his *fraud* claim, to the extent appellant was claiming fraud in the inducement of the contract, he was required to elect between rescinding the contract and suing for fraud and affirming the contract and claiming damages for its breach. *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883 (354 SE2d 210) (1987). However, a negligent construction claim arises not from a breach of contract claim but from breach of a duty implied by law to perform the work in accordance with industry standards. *Hudgins v. Bacon*, 171 Ga. App. 856, 859-860 (321 SE2d 359) (1984); *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (202 SE2d 189) (1973). This cause of action arises in tort and exists independently of any claim for breach of contract. *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802 (1) (275 SE2d 380) (1980). Thus, appellant was entitled to pursue these inconsistent remedies for the same transaction until he obtained satisfaction. See OCGA § 9-2-4; see generally *UIV Corp. v. Oswald*, 139 Ga. App. 697 (229 SE2d 512) (1976).

(b) Furthermore, we do not agree with appellee's contention that appellant failed to include his claim for negligent construction in the pretrial order and thus waived his right to assert it at trial. A pretrial order, "when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). The claims, issues, and evidence are limited by the order and the course of the action is narrowed to expedite the proceeding. If a claim or issue is omitted from the order, it is waived. *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 495 (313 SE2d 709) (1984). Nonetheless, " '[a] pre-trial order should be liberally construed to allow the

consideration of all questions fairly within the ambit of contested issues.'" *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977).

The pretrial order does contain some inconsistencies in the statement of appellant's case. The order provides that appellant is asserting claims for negligent construction and fraud and lists the issues for jury determination as, inter alia, "Negligence of Builder/Contractor" and "Whether or not [appellees] have perpetrated a fraud upon [appellant]," but then provides a suggested verdict form only for the fraud claim. However, considering the duty of the courts to construe the pretrial order liberally, *Echols*, supra, we find that the pretrial order did fairly raise the issue of negligent construction and put appellees on notice that appellant was seeking damages for this negligence. See generally *Fleet Transport Co. v. Holland*, 166 Ga. App. 337, 339 (3) (304 SE2d 76) (1983). Accordingly, we affirm the judgment entered on the fraud claim but reverse the trial court's denial of appellant's motion for new trial and remand the action for a new trial on appellant's claim for negligent construction.

2. It follows that upon retrial of the negligent construction claim appellant is entitled, upon proper request, to have the jury charged on the proper measure of damages for negligent construction. For statements of the applicable law, see *Piedmont Builders v. Fullerton*, 157 Ga. App. 126 (276 SE2d 277) (1981); *Four Oaks Properties v. Carusi*, 156 Ga. App. 422, 423 (3) (274 SE2d 783) (1980).

3. We find no merit in appellant's enumerations of error concerning the trial court's failure to give his requested jury charges on expenses of litigation and attorney fees. The portions of the transcript provided to this court contain no competent evidence of attorney fees, and the pretrial order does not put appellees on notice that appellant was seeking recovery of fees and expenses under either OCGA § 13-6-11 or OCGA § 9-15-14, which were the principles of law on which appellant sought to have the jury instructed.

*Judgment affirmed in part and reversed in part and case remanded with direction. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

*Anthony Kirkland*, for appellant.
*S. F. Carley*, for appellees.