A94A1620. NEWBERRY et al. v. D. R. HORTON, INC.
(452 SE2d 560)

Pope, Chief Judge.

Plaintiffs brought this breach of contract and negligent construction action against defendant homebuilder. The trial court granted defendant's motion for directed verdict as to plaintiffs' claims for negligent construction, punitive damages and expenses of litigation, and the jury returned a verdict for defendant on plaintiffs' breach of contract claim.

1. Plaintiffs state in their brief, "[t]his appeal is limited to the refusal of the [trial] court to charge and instruct the jury on the plaintiffs' theories of negligent construction, the damages rules applicable and the expenses of litigation." We find no error in the trial court's refusal to charge on these issues. The trial court did not charge the jury on the law governing plaintiffs' negligent construction claim because it had directed a verdict on that claim at the close of the evidence. Clearly, the trial court did not err in refusing to charge the law applicable to the consideration of one of plaintiffs' claims when it had already removed that issue from the jury's consideration.

Moreover, plaintiffs have shown no error requiring reversal in this case even if their enumeration challenging the trial court's failure to charge is read expansively so as to include a challenge to the directed verdict for defendant, both arguments being in essence a challenge to the trial court's failure to submit plaintiffs' claim of negligent construction to the jury for its consideration. The record reveals that the trial court's stated reasons for directing a verdict on this claim were plaintiffs' failure to offer expert testimony about the standard of care required of a professional builder and their failure to present expert testimony about whether the construction complained about deviated from that standard.

It is well established that plaintiffs in a negligent construction case must establish the standard of care applicable to the defendant builder by the introduction of expert testimony. *Coursey Bldg. Assoc. v. Baker,* 165 Ga. App. 521 (2) (301 SE2d 688) (1983); see also *Hudgins v. Bacon,* 171 Ga. App. 856 (1) (321 SE2d 359) (1984). Plaintiffs argue and the dissent urges that plaintiffs satisfied this requirement through the testimony of John Wayne Mandato. The record reveals, however, that Mandato, who testified that he was engaged in the business of home repairs and improvements, not home building, was never tendered by plaintiffs as an expert, and the trial court never

ruled on his qualifications to give expert testimony.[1]

The trial court has broad discretion to decide whether a witness is qualified to give his opinion as an expert, *Jim Ellis Atlanta v. McAlister*, 198 Ga. App. 94 (400 SE2d 389) (1990), and it is not for this court to decide whether a witness is qualified to testify as an expert when such witness was never tendered as an expert by a party and was never accepted or rejected as such by the trial court. If anything, the trial court in this case implicitly rejected the witness as an expert by directing a verdict for defendant on plaintiffs' negligent construction claim for the reasons stated above. Moreover, a review of Mandato's testimony reveals he never testified about the standard of care required of professional home builders generally,[2] and, based on his credentials, an abuse of discretion could not be shown if the plaintiffs had attempted to qualify him as an expert and the trial court had explicitly refused to find him qualified to give such expert testimony.

Plaintiffs' first three enumerations of error are thus without merit.

2. Contrary to plaintiffs' remaining enumeration of error, the trial court did not err in refusing to charge the jury on litigation expenses.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., and Blackburn, J., concur in part and dissent in part.*

McMurray, Presiding Judge, concurring in part and dissenting in part.

I fully agree that the trial court correctly directed the verdict as to plaintiffs' claim for OCGA § 13-6-11 attorney fees. However, regarding the claim for negligent construction, my analysis of both procedure and substance differs from that of my colleagues in the majority and so I respectfully dissent from the judgment insofar as it affirms the direction of the verdict on that claim.

In their first enumeration, plaintiffs contend the trial court erred in "refusing to charge the jury on plaintiffs' theory of negligent construction," arguing that a verdict for defendant was not demanded. I fully agree with the majority that any error in the refusal to charge the substance of plaintiffs' contentions is moot after the direction of the verdict unless and until that directed verdict is set aside as erroneous. Unlike the majority, I would hold that the error enumerated is

---

[1] It is thus understandable that defendant made no contemporaneous challenge to Mandato's credentials as an expert in residential construction.

[2] For a case illustrating the unusual situation when such testimony may not be necessary to submit a negligent construction claim to the jury, see *Hudgins v. Bacon*, 171 Ga. App. at 856 (1).

sufficient to authorize this court to determine the sufficiency of the evidence under the "any evidence" standard of OCGA § 9-11-50 (a), pursuant to the broad reach of OCGA § 5-6-48 (f). Even if the decision of the Supreme Court of Georgia in *Adams-Cates Co. v. Marler*, 235 Ga. 606 (221 SE2d 30) does not *mandate* that this court consider the underlying substance of the directed verdict, it is my view that, certainly that decision *authorizes* this court to do so.

When plaintiffs put their expert, Mr. Mandato, on the stand, they questioned him as to his years of home repair/home improvement experience in the locality but they never formally tendered him as an expert witness. Defendant did not cross-examine Mr. Mandato as to his credentials nor did it make any contemporaneous objection to the lack of his qualifications as an expert witness. Neither did defendant move to strike Mr. Mandato's testimony on the ground that it was incompetent. Instead, at the close of plaintiffs' case, defendant moved for a directed verdict.

" 'The record as it exists at the close of the trial controls as to whether the verdict should be directed and as to whether motion for judgment notwithstanding verdict should be granted.' *Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 670 (92 SE2d 567)." *DeLoach v. Myers*, 215 Ga. 255, 256 (1) (109 SE2d 777). " 'Under this rule the trial court may not on motion for [directed verdict or] judgment notwithstanding the verdict eliminate evidence on the ground that it was improperly received at the trial and then dispose of the case on the basis of the diminished record.' [Cits.]" *Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 670 (on rehearing), supra. It follows that a motion for directed verdict is not an authorized vehicle to challenge the competency of expert opinion testimony on the ground that the witness was not tendered as an expert. Consequently, it is my view that the majority errs in holding that the discretion of the trial court in qualifying a witness as an expert under OCGA § 24-9-67 (when the question is raised for decision) is so broad as to permit the trial court, of its own motion, silently and without notice to the adverse party, to strike the testimony of a witness who has testified without objection but who was not formally tendered as an expert.

In the whole court decision of *Ga. Power Co. v. Ga. Pub. Svc. Comm.*, 196 Ga. App. 572, 574 (2), 575 (396 SE2d 562), this court found a waiver of any challenge to the qualifications of an expert witness on the following ground: "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the party might have had." (Citations and punctuation omitted.) In the case sub judice, defendant made no contemporaneous challenge to Mr. Mandato's credentials as an expert in residential construction. Accordingly, it is my view that, any foundation objection thereto was waived. *Truck Parts*

*&c. v. Rutledge*, 211 Ga. App. 166 (1) (438 SE2d 404). Since defendant waived its foundation objection to Mr. Mandato's opinion evidence by permitting its introduction without objection, that opinion evidence should be treated as "altogether competent" under the holding of the Supreme Court of Georgia in *Patton v. Bank of LaFayette*, 124 Ga. 965, 973 (7), 974 (53 SE 664). It is my view that the trial court would abuse any discretion it may possess by excluding, sua sponte, unobjected-to evidence on a ground which had been waived by the party adversely affected by that evidence.

Defendant's motion for directed verdict was made, in part, on the ground that "I don't think that they established a professional standard of care under a negligent construction theory, even for those items that the garage insulation and the slab that Mr. Mandato talked about. . . ." The trial court directed the verdict as to negligent construction, concluding "there was no testimony to what the standard within the industry with regard to the care — necessary care or degree of workmanship, et cetera, and that these matters were less than that standard."

A claim for negligent construction "arises in tort and exists independently of any claim for breach of contract. *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802 (1) (275 SE2d 380) (1980)." *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522 (1a) (428 SE2d 426). " 'The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. [Cits.]' [Cits.] 'In a proper case the question of whether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by the jury.' *Mauldin v. Sheffer*, 113 Ga. App. 874, 880 [(150 SE2d 150)]." *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (202 SE2d 189). "In an action against a builder, '(i)t is essential to present competent evidence as to the acceptability of specific professional conduct.' *Coursey Bldg. Assoc. v. Baker*, [165 Ga. App. 521, 523 (2) (301 SE2d 688)]." *Hudgins v. Bacon*, 171 Ga. App. 856, 857 (1), 859 (321 SE2d 359). To qualify as an expert within the purview of OCGA § 24-9-67, " 'generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. (Cits.)' " *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521, 522 (1), supra.

In the case sub judice, plaintiffs' witness, Mr. Mandato, lives in Doraville, Georgia, and "[renovates] homes and [does] home repairs." He started in this business "with [his] family growing up and [has] been doing ever since." During the past 15 years, he has worked on

"[t]housands" of home improvement projects, covering "[e]verything that has to be done with the home, except heating and air." Mr. Mandato inspected plaintiffs' house, described numerous flaws in the workmanship, offered solutions, and gave his estimation of the costs of the necessary remedial work. "The record is replete with evidence of [defendant's] mistakes and inefficiencies in building [plaintiffs' residence], as well as [plaintiffs' steps] to rectify the problems created thereby." *Savannah Indus. Constr. &c. v. Sumner*, 189 Ga. App. 319, 320 (375 SE2d 486). It is true that, in the case sub judice, Mr. Mandato never uttered the phrase: "I am familiar with the degree of reasonable care, skill, and ability which is generally taken to be that degree of care and skill as is ordinarily employed by residential contractors under similar conditions and like surrounding circumstances, and defendant failed to meet that standard in the following particulars. . . ." Nevertheless, Mr. Mandato's testimony was "competent evidence as to the acceptability [or unacceptability] of specific professional conduct." *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521, 523 (2), supra. Accordingly, in the absence of a timely objection, I would hold that these repeated references to deviations from good construction practice were sufficient to establish a prima facie case of negligent construction. See *Shaw v. Petersen*, 180 Ga. App. 823, 824 (1) (350 SE2d 831). See also *White Repair &c. Co. v. Daniel*, 171 Ga. App. 501 (1), 502 (320 SE2d 205). The jury would not "be left to speculate too freely on what constitutes actionable negligence," based upon this evidence. *Hudgins v. Bacon*, 171 Ga. App. 856, 857 (1), 859, supra. In my view, the trial court erred in directing the verdict for defendant on plaintiffs' claim of negligent construction, as the "evidence here did not demand a finding that the . . . construction work was performed with a reasonable degree of care, skill and ability." *Howell v. Ayers*, 129 Ga. App. 899, 900 (1b), supra. Accordingly, I respectfully dissent from that portion of the judgment affirming the direction of the verdict as to this claim.

I am authorized to state that Judge Blackburn joins in this opinion.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 —

*William R. Hurst,* for appellants.
*T. Tucker Hobgood, T. Gabriel Hotard, Jr.,* for appellee.