A95A2071. RENTZ v. BROWN et al.
(464 SE2d 617)

BIRDSONG, Presiding Judge.

Lonnie S. Rentz appeals the judgment, based upon a jury verdict, in favor of Roy S. and Sheila J. Brown. The sole enumeration of error alleges that the trial judge erred by denying Rentz's motion for judgment notwithstanding the verdict.

This is the second appearance of this case before this Court. In

*Brown v. Rentz,* 212 Ga. App. 275 (441 SE2d 876), we affirmed the grant of summary judgment to Rentz's wife, but reversed the grant of summary judgment to Lonnie Rentz because an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable for the tort. Id. at 276. Upon remand, the Browns' case went to trial against Lonnie Rentz and Rentz Builders, Inc. Ultimately, the jury returned a defense verdict for Rentz Builders, Inc., but found for the Browns in the amount of $25,000 against Lonnie Rentz.

At the close of the Browns' evidence and again at the close of all the evidence, Rentz moved for a directed verdict on the grounds that there was no evidence that Rentz had participated in any tort by the corporation and further there was no evidence of the standard of care necessary to establish the tort of negligent construction. *Held*:

"The motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." (Citation and punctuation omitted.) *Denson v. City of Atlanta,* 202 Ga. App. 325, 326 (414 SE2d 312).

Here, the record shows that the case against Rentz and Rentz Builders, Inc., was submitted to the jury on the issues of fraud and negligence, and, according to the verdict, the jury found against Rentz for $25,000 only on the basis of negligent construction. Thus, the first question we must address is whether the evidence supported the findings of the jury.

"In an action against a builder, it is essential to present competent evidence as to the acceptability of specific professional conduct." (Citation and punctuation omitted.) *Hudgins v. Bacon,* 171 Ga. App. 856, 860 (321 SE2d 359). Our law requires building contractors to exercise that degree of care and skill as is ordinarily employed by other contractors under similar conditions and like circumstances. *Howell v. Ayers,* 129 Ga. App. 899, 900 (202 SE2d 189). Further, the standard of care must be established through expert testimony. *Newberry v. D. R. Horton, Inc.,* 215 Ga. App. 858, 859 (452 SE2d 560). As the transcript shows no evidence was presented establishing the standard of construction which Rentz was alleged to have violated in 1986 when the house was constructed, the verdict against him cannot stand. The only evidence presented on this issue concerned what the witnesses would have done if they had constructed the house or what recommended practice might have been, but no evidence was pre-

sented establishing the applicable standard of care in the industry. See *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521 (301 SE2d 688). Mere custom or practice, standing alone, is not sufficient. There must be evidence of a universal custom or practice. See *MARTA v. Allen*, 188 Ga. App. 902, 908 (374 SE2d 761). Moreover, no testimony was present on this issue from a witness the trial court found qualified as an expert. Therefore, the Browns did not establish this necessary element of their case, and the trial court erred by denying Rentz's motion for a directed verdict as well as his motion for judgment n.o.v. *Newberry v. D. R. Horton, Inc.*, supra. Accordingly, the judgment of the trial court must be reversed with direction to enter judgment for Rentz.

In view of our disposition of this issue, we need not address Rentz's other contentions.

*Judgment reversed with direction. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 8, 1995 —
RECONSIDERATION DENIED NOVEMBER 29, 1995.

*Chestnut & Livingston, Tom Pye*, for appellant.
*Garner & Still, Dennis T. Still*, for appellees.