A96A2184. GOEN et al. v. CITY OF ATLANTA.
A96A2185. GABRIEL et al. v. CITY OF ATLANTA.
(481 SE2d 244)

BIRDSONG, Presiding Judge.

Roy E. Goen, Jr., and Gail G. Hooks and D. L. Gabriel and Sarah Gabriel appeal the grant of judgment on the pleadings to the City of Atlanta in their separate actions against the City which have been consolidated for purposes of this appeal because the same issues control each case. Appellants contend the trial court erred by concluding that ante litem notice as required by OCGA § 36-33-5 was not given

to the City and appellants contend the trial court erred by allowing the City to raise this defense, which was not identified in the pretrial order, after the pretrial order was entered.

Appellants own property located in the Ballard Road area of the City of Forest Park in Clayton County, which they claim the City trespassed on and damaged while expanding the Atlanta Airport. Although the City offered to buy appellants' property, no agreement was reached and appellants filed suit against the City. Even though the City raised the defense that ante litem notice was not given, no motion to dismiss was filed and the issue was not identified in the pretrial order. Subsequently, however, the trial court granted the City's motion for judgment on the pleadings because of appellants' failure to give the notice required by OCGA § 36-33-5. Appellants contend the trial court erred by granting the City's motion because they substantially complied with OCGA § 36-33-5 and because the City waived the ante litem notice issue by not raising the issue in the pretrial order. *Held*:

1. Essentially OCGA § 36-33-5 provides that no person with a claim for money damages against a city shall bring any action against the city without first presenting a claim, in writing, within six months of the event giving rise to the claim stating the time, place, and extent of the injury and the negligence which caused the injury. Appellants contend they substantially complied with this provision (see *Bush v. City of Albany*, 125 Ga. App. 558 (188 SE2d 245)) because notice was given in another action against the City concerning the Ballard Road area which purported to give notice on behalf of the named plaintiff in that case and all other persons similarly situated. We disagree. Although substantial compliance will satisfy the requirements of OCGA § 36-33-5, this notice was inadequate to do so. Nothing in the notice given in the other case advised the City of the claims of these appellants or of the time, place, and extent of the injury and the negligence causing the injury as required by OCGA § 36-33-5. Moreover, appellants' argument that they could not give notice within six months of the injury because they did not know when the injury occurred is of little significance because they gave no notice whatsoever. Had appellants given some notice, it might be argued that they had substantially complied with the ante litem notice provisions because they gave notice as soon as they became aware of the injury. Such notice would have given the City the opportunity to investigate their claims and take further action as warranted. Here, however, they provided no notice whatsoever, and thus by appellants' actions the City was deprived of the purpose of OCGA § 36-33-5. See *Jones v. City of Austell*, 166 Ga. App. 808 (305 SE2d 653); *City of Gainesville v. Moss*, 108 Ga. App. 713 (134 SE2d 547), overruled on other grounds, *City of Chamblee v. Maxwell*, 264 Ga.

635, 638 (452 SE2d 488). Therefore the trial court did not err by finding that appellants had not complied with OCGA § 36-33-5.

2. Although appellants' arguments concerning the failure to assert this issue in the pretrial order seems to have some appeal, the language of OCGA § 36-33-5 (b) requires a different result. "No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." OCGA § 36-33-5 (b). Thus, ante litem notice is a condition precedent to filing suit against a city (*Jones v. City of Austell*, supra), and the failure to give such notice cannot be waived as appellants assert. *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752).

Accordingly, the trial court did not err by granting the City's motions for judgment on the pleadings even though this issue was not identified in the pretrial order.

*Judgments affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED FEBRUARY 4, 1997.

*Dwyer, White & Sapp, J. Matthew Dwyer, Jr., Anne W. Sapp*, for appellants.

*Joe M. Harris, Jr., Charles G. Hicks, Clifford E. Hardwick IV*, for appellee.