## A08A1026. SCHOFIELD INTERIOR CONTRACTORS, INC. et al. v. STANDARD BUILDING COMPANY, INC. et al.

(668 SE2d 316)

MIKELL, Judge.

In this construction litigation case arising out of a contract to renovate an office building, Schofield Interior Contractors, Inc. ("Schofield") and Ron Marshall filed a complaint against Standard Building Company, Inc. ("SBC"), Rob Morel, and Valentin Ciuperca

---

(collectively referred to as "appellees"), alleging breach of contract, conversion, conspiracy to commit conversion, negligence, and intentional interference with business relations, and seeking punitive damages and attorney fees. Appellees moved for partial summary judgment on several of the claims, including the negligence claim against Morel, who was employed by SBC and served as the project manager on Schofield's project. The sole issue raised on appeal is the grant of summary judgment to appellees on Schofield's negligence claim against Morel. For the reasons set forth below, we reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).[1]

In their motion, appellees argued that Schofield could not maintain a negligence action against Morel for two interrelated reasons: (1) the allegations against Morel arose only out of his obligation as an employee of SBC to supervise the work; and, (2) the allegations therefore asserted only the failure of a contractual obligation. Appellees maintained that the negligence claim must fail because appellants failed to assert a separate duty owed by Morel, independent of the contractual obligation, that could have been breached. In opposition to the motion, Schofield argued that Morel owed a duty to ensure that construction was performed in accordance with industry standards, which he breached, and that this duty was independent of any contractual duty. The trial court granted appellees' motion on Schofield's claim of negligence against Morel without stating the reasons for its ruling. On appeal, Schofield argues that the trial court erred, and we agree.

---

[1] (Citation omitted; emphasis in original.) *Scarbrough v. Hallam*, 240 Ga. App. 829, 830 (1) (525 SE2d 377) (1999), quoting *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Appellees' argument that Morel owed no independent duty to appellants misses the mark in that it assumes that appellees could only be sued for breach of contract. We have held that "a negligent construction claim arises not from a breach of contract claim but from breach of a duty implied by law to perform the work in accordance with industry standards. This cause of action arises in tort and exists independently of any claim for breach of contract."[2]

> As a general rule, there is implied in every contract for work or services a duty to perform it skilfully, carefully, diligently, and in a workmanlike manner. The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession.[3]

This rule applies to the supervision of construction work.[4] Schofield specifically alleged in its complaint that Morel "demonstrated a lack of knowledge of the construction trade and performed his duties and responsibilities at the job site in a negligent manner" and listed several specific acts of negligence. Therefore, Schofield sufficiently identified the duty it alleged that Morel breached in connection with Schofield's negligent construction claim.

Next, we turn to the issue of whether Morel can be held personally liable for actions taken in the course and scope of his employment. "A servant, as a wrongdoer, is liable individually for a tort committed within the scope of his master's business."[5] As stated

---

[2] (Citations omitted.) *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522 (1) (a) (428 SE2d 426) (1993). Accord *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 769 (2) (525 SE2d 123) (1999).

[3] (Citations and punctuation omitted.) *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (a) (202 SE2d 189) (1973). Accord *Fields Bros. Gen. Contractors v. Ruecksties*, 288 Ga. App. 674, 676 (1) (655 SE2d 282) (2007) (standard of proof on contract claim for breach of the express duty to build the house in a fit and workmanlike manner essentially the same as for proof of negligent construction).

[4] See *Howell*, supra at 900 (1) (b).

[5] (Citation omitted.) *Giles v. Smith*, 80 Ga. App. 540, 542 (1) (b) (56 SE2d 860) (1949), overruled on other grounds, *Miller v. Grand Union Co.*, 270 Ga. 537, 538 (512 SE2d 887) (1999). See *Reed v. Arrington-Blount Ford*, 148 Ga. App. 595, 596-597 (2) (252 SE2d 13) (1979) (trial court erroneously directed a verdict in favor of employee on ground that all actions taken by employee were on behalf of her employer); *McClurd v. Reddick*, 135 Ga. App. 136, 138 (5) (217 SE2d 163) (1975) (employee may be held personally liable for negligence causing injury); *Griffin v. Ross*, 93 Ga. App. 407, 415 (3) (91 SE2d 815) (1956) (joint liability exists when liability of master and servant is from tortious acts of servant alone for which master is liable under doctrine of respondeat superior).

earlier, Morel had a duty to perform the supervision of the construction work skillfully, carefully, diligently, and in a workmanlike manner.[6] And as a part of its negligent construction claim, Schofield could sue Morel personally and SBC for Morel's breach of this duty and for Morel's failure to supervise the work properly.[7]

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 3, 2008.

*Davis, Matthews & Quigley, Vincent J. Arpey*, for appellants.
*Hays & Potter, Bernard E. Potter, Douglas H. Tozzi, L. Matt Wilson*, for appellees.

---

[6] *Howell*, supra at 900 (1) (a).

[7] See id. at 900 (1) (b). We do not reach herein the issue of whether the trial court granted summary judgment to appellees based upon the lack of evidence that Morel breached the duty owed to Schofield because appellees did not acknowledge this duty below, thus, and failed to raise this argument. Because the argument was not raised in appellees' motion for summary judgment, appellants had no burden in response to produce evidence on the issue. Thus, exercising our discretion, we decline to utilize the "right for any reason" rule to affirm the grant of summary judgment due to the lack of evidence on the issue. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002); *McClendon v. 1152 Spring Street Assoc.-Ga., Ltd. III*, 225 Ga. App. 333, 334 (484 SE2d 40) (1997).