## A09A0432. NEELY v. CITY OF RIVERDALE.
(681 SE2d 677)

DOYLE, Judge.

Phillip R. Neely, a police officer, filed a breach of contract action against the City of Riverdale ("the City"), claiming that the City violated its personnel policies and procedures when it failed to promote him to vacant positions within the police department on multiple occasions. The City moved for summary judgment on multiple grounds, and the trial court granted the motion. Neely appeals, and we affirm in part and reverse in part, for reasons that follow.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine

issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. Our review of the grant or denial of summary judgment is de novo.[1]

So viewed, the record demonstrates that Neely's sole claim in his complaint is that the City failed to promote him to various positions within the police department in violation of the City's personnel policies and procedures manual, which set forth specific procedures for promotions. Specifically, Neely alleged that he was passed over — in violation of the procedures manual — for the following positions: police chief (in September 2004); assistant police chief (in November 2004); police captain (in December 2005); and police lieutenant (in November 2006).[2] The City moved for summary judgment, and the trial court granted the motion, concluding that Neely's claims were barred by his failure to provide ante litem notice to the City as required by OCGA § 36-33-5 and by the doctrine of res judicata. This appeal followed.

1. Neely argues that the trial court erred in granting summary judgment to the City on the ground that he failed to give proper ante litem notice under OCGA § 36-33-5. We agree.

OCGA § 36-33-5 (a) provides that

[n]o person . . . having a claim for *money damages* against any municipal corporation *on account of injuries to person or property* shall bring any action against the municipal corporation for such injuries without first giving [written notice of the claim to the municipality within six months of the event] as provided in subsection (b) of this Code section.[3]

"This statute is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms."[4]

The statute requires the ante litem notice for claims on account of injuries to person or property. "Property" at common law was limited to tangible realty or personalty,

---

[1] (Citation and punctuation omitted.) *Bd. of Regents &c. of Ga. v. Doe*, 278 Ga. App. 878 (630 SE2d 85) (2006).

[2] Neely also alleged that he was demoted to the position of sergeant in March 2005 in violation of the personnel policies and procedures manual. Neely does not raise this allegation on appeal.

[3] (Emphasis supplied.)

[4] *City of Atlanta v. J. J. Black & Co.*, 110 Ga. App. 667, 670 (1) (139 SE2d 515) (1964).

> and therefore cannot be extended to include property rights in contracts. The purpose of the law . . . was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. In the case of claims arising out of contracts, as contrasted with torts, the city, being a party to the contract, is already on notice as to the existence and the circumstances of the contract which is the basis of the claim; therefore the reason for such notice does not exist.[5]

Thus, the ante litem notice requirement of OCGA § 36-33-5 is not applicable to suits for breach of contract.[6] Accordingly, the trial court erred in granting summary judgment to the City on the basis that Neely failed to provide ante litem notice.

2. Neely further argues that the trial court erred in granting summary judgment to the City on the basis that his claims were barred by the doctrine of res judicata.

On July 25, 2005, Neely filed a federal civil rights action, alleging racial and gender discrimination and retaliation, against the City and various City employees based on, inter alia, the defendants' failure to promote him to the position of police chief in September 2004 and to assistant police chief in November 2004. On February 13, 2007, a federal magistrate judge issued a final report, recommending that the defendants' motion for summary judgment be granted, and the district court adopted the magistrate court's recommendations and granted summary judgment to the defendants.[7]

OCGA § 9-12-40, which codified the doctrine of res judicata, provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." "The doctrine of res judicata . . . prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated ac-

---

[5] (Citation and punctuation omitted.) Id.

[6] See *Holbrook v. City of Atlanta*, 139 Ga. App. 510, 511 (1) (229 SE2d 21) (1976); *J. J. Black & Co.*, 110 Ga. App. at 670 (1).

[7] The district court's decision was affirmed on appeal in an unpublished opinion. See *Neely v. City of Riverdale*, 251 Fed. Appx. 632 (11th Cir. 2007).

tion."[8] The doctrine applies

> even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. It is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid.[9]

Here, Neely brought a federal discrimination suit against the City regarding its failure to promote him to vacant positions in September 2004 and November 2004, and the federal court granted summary judgment to the City after reviewing the evidence. And while Neely did not assert a breach of contract claim regarding the City's failure to promote him in 2004 in the federal action, such pendent state law claims *could* have been litigated therein.[10] It is well settled that "where a party fails to present a state law claim in federal court, a later suit in the state courts will be barred if the state claim could have been litigated in the federal court under its pendent jurisdiction."[11] It is clear that the alleged civil rights violations and the alleged breach of contract claims regarding the City's failure to promote Neely in 2004 arise out of "a common nucleus of operative fact."[12] It follows that the trial court did not err in granting summary judgment to the City on the basis that the prior federal court action barred Neely's claims regarding the two 2004 promotions by operation of the doctrine of res judicata.[13]

The City also apparently contends that Neely's claims based on the City's failure to promote him in December 2005 and November 2006 are also barred by res judicata because he could have raised these claims in the federal action that he filed in July 2005. However,

---

[8] (Punctuation omitted.) *Yates Paving & Grading Co. v. Bryan County*, 287 Ga. App. 802, 805 (2) (652 SE2d 851) (2007).

[9] (Punctuation and footnotes omitted.) Id.

[10] We find entirely unpersuasive Neely's argument that res judicata does not apply here since he "was not aware of his contract claims at the time he filed his . . . federal complaint" because his lawyer had not yet "found" a *1992* Court of Appeals case — *Atkinson v. City of Roswell*, 203 Ga. App. 192 (416 SE2d 550) (1992) — that he asserts supported his breach of contract claim.

[11] (Punctuation omitted.) *Hardy v. Ga. Baptist Health Care System*, 239 Ga. App. 596, 598 (2) (521 SE2d 632) (1999). See also *Pope v. City of Atlanta*, 240 Ga. 177, 179 (1) (240 SE2d 241) (1977); *Hill v. Wooten*, 247 Ga. 737, 738 (279 SE2d 227) (1981).

[12] (Punctuation omitted.) *Hill*, 247 Ga. at 738.

[13] See *McNeal v. Paine, Webber, &c., Inc.*, 249 Ga. 662, 663 (1) (293 SE2d 331) (1982); *Hardy*, 239 Ga. App. at 598 (2).

the City has not met its burden of affirmatively establishing that Neely could have raised these claims, which are based on separate events, in the federal case.[14] Thus, the trial court erred in granting summary judgment to the City as to the December 2005 and November 2006 promotions on the basis that they were barred by the doctrine of res judicata.[15]

3. Neely further alleges that the trial court erred in staying a ruling on his constitutional challenges. But Neely did not raise a constitutional challenge in his initial response to the City's motion for summary judgment. Instead, he asserted his constitutional arguments for the first time in his July 23, 2008 motion for reconsideration filed after the trial court's July 10, 2008 order granting summary judgment to the City. Whether to permit a party to raise a new argument on motion for reconsideration filed after judgment is entered lies within the discretion of the trial court.[16]

4. In its appellate brief, the City argues that the trial court properly granted summary judgment because its policy and procedures handbook does not create an employment contract and, in the alternative, that the City's actions did not violate the provisions in the handbook regarding promotions. Although the City raised these arguments below, the trial court did not rule on them. "This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it."[17] For the same reason, we decline to address the City's argument that Neely waived his claims regarding the 2004 promotions when he executed a valid and enforceable release agreement with the City.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 10, 2009 — 

*Michael B. King*, for appellant.
*Cruser & Mitchell, William T. Mitchell, Jennifer G. Cowart*, for appellee.

---

[14] See *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (1) (458 SE2d 826) (1995) ("[r]es judicata is an affirmative defense which must be established by the pleader") (citation omitted); *Rafizadeh v. KR Snellville, LLC*, 280 Ga. App. 613, 617 (3) (634 SE2d 406) (2006) (defendant bears the burden of proof in establishing res judicata).

[15] See *Rafizadeh*, 280 Ga. App. at 617 (3).

[16] See *Cochran v. Emory Univ.*, 251 Ga. App. 737, 739 (2) (555 SE2d 96) (2001); *Buffington v. Gold Kist*, 179 Ga. App. 393, 394 (346 SE2d 577) (1986).

[17] *American Nat. Property &c. Co. v. Amerieast, Inc.*, 297 Ga. App. 443, 445 (1) (677 SE2d 663) (2009).