James G. HOLLOWAY, Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, Karla S. MacKenna, Brian P. Bjerke, Michael W. Robinson, and The Charter Oak Fire Insurance Company, Defendants.

Civil Action No. 1:10–CV–0741–CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 10, 2010.

James K. Creasy, The Law Offices of James K. Creasy, LLC, Lloyd N. Bell, Bell & Mullholland, L.L.C., Atlanta, GA, for Plaintiff.

David Marlow Atkinson, Marian Leigh Miller, Magill Atkinson Dermer LLP, Atlanta, GA, for Defendants.

## ORDER

CHARLES A. PANNELL, JR., District Judge.

This matter is before the court on The Travelers Indemnity Company's motion for protective order [Doc. No. 8], the plaintiff's motion for partial summary judgment [Doc. No. 11] and motion for oral argument [Doc. No. 12], the motion to dismiss the individual defendants [Doc. No. 19], and the plaintiff's motion for remand [Doc. No. 29]. As an initial matter, the court finds no need for argument on the pending motions; therefore, the plaintiff's motion for oral argument [Doc. No. 12] is DENIED.

## I. Procedural and Factual Background

The plaintiff in this case was sued in the Fulton County Superior Court by Carrie Fowler, who slipped and fell at the plaintiff's residence. At that time, Holloway was insured under a policy of homeowners insurance issued by Charter Oak Fire Insurance Company, a subsidiary of Travelers. On December 22, 2008, the plaintiff was served with the Fowler lawsuit. The plaintiff contends that on December 29, 2008, he faxed the lawsuit to Brian Bjerke, an insurance adjuster employed by Travelers. On February 13, 2009, another Travelers employee, Michael Robinson, received notice of the Fowler lawsuit; Robinson reviewed court records and discovered that the case was in default, but that no default judgment had been entered. Robinson drafted and sent a reservation of rights letter to Holloway. The letter was ultimately returned to Travelers as undeliverable because it was sent to Holloway's former address. Robinson sent the Fowler lawsuit to Travelers' in-house staff counsel, Shivers & Associates.

On February 17, 2009, an attorney at Shivers & Associates, Joseph Perrotta, sent Holloway an engagement letter. This letter was sent to Holloway's correct address and was received by him. Robinson and Perrotta discussed the Fowler lawsuit between February 17, 2009 and February 20, 2009, and Robinson indicated in the claim notes that "in discussions with staff counsel, we believe there is a probability that the court will open the default."

On February 18 and 19, 2009, a paralegal at Shivers & Associates, Karla MacK-

enna, spoke to Holloway on the phone and set up an appointment to meet with him. On February 20, 2009, MacKenna met with Holloway and had him sign a verification affidavit to accompany his answer to the verified Fowler lawsuit. She also told Holloway that the motion to open the default was being worked on.

On March 6, 2009, Robinson received notice of a default judgment hearing in the Fowler lawsuit scheduled for March 13, 2009. Robinson hand-delivered the notice to Perrotta.

On March 10, 2009, Perrotta told Robinson that he believed there was no basis for filing a motion to open default. On March 11, 2009, Robinson met with his supervisor, Cathy Carpenter, and Perrotta to discuss the Fowler lawsuit and insurance coverage defenses. At that meeting, it was decided that Charter would no longer provide a defense for Holloway because the notice it received was not timely. Robinson decided that neither Perrotta nor any other attorney at his law firm would appear at the March 13, 2010 default judgment hearing. On the afternoon of March 11, 2009, Robinson allegedly telephoned Holloway and left a message on voicemail stating that Charter would not be representing him. Robinson also sent a letter to Holloway, but to the incorrect address.

Holloway, a Georgia citizen, filed this action in the State Court of DeKalb County, Georgia in June 2009 initially against MacKenna, Bjerke, Robinson, Travelers, Benjamin Gilleland (the plaintiff's insurance agent) and Norton Insurance Services, Inc. (Mr. Gilleland's agency) asserting the following substantive causes of action: (1) breach of contract, (2) breach of duty to indemnify, (3) negligence, and (4) breach of fiduciary duty. Eight months later, after voluntarily dismissing Gilleland and Norton, the plaintiff filed an amended complaint adding Charter as a defendant. Upon the dismissal of Gilleland and Norton, the remaining defendants removed the action to this court based upon diversity jurisdiction. Holloway is a Georgia citizen, Charter and Travelers are foreign corporations. Though MacKenna, Bejerke, and Robinson are citizens of Georgia, the defendants contend that these individuals are sham defendants and should be dismissed. The plaintiff has opposed the motion to dismiss by the individual defendants, and because he asserts that these Georgia citizens are proper defendants in this action, seeks remand the DeKalb County State Court.

In the complaint pending before this court, the plaintiff alleges that Travelers and its employees (McKenna, Bjerke, and Robinson) assumed his defense in the underlying lawsuit and then performed negligently. With regard to Charter, the plaintiff alleges that it had a contractual duty to defend him in the underlying lawsuit, which it failed to do.

## II. Motion to Dismiss and Motion to Remand

█ The issue before this court is whether there is any possibility that the plaintiff has a cause of action against McKenna, Bjerke, and Robinson. It is undisputed that if these three defendants remain in this suit, there would be no diversity of citizenship and thus, this court would have no jurisdiction. On the other hand, if the motion to dismiss the individual defendants is granted, there would be complete diversity and this court would have jurisdiction. *See* 28 U.S.C. § 1332(a). "Even if a named defendant is [a citizen of the state in which the action was brought] ..., it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir.2001).

■ The determination of whether a resident defendant has been fraudulently joined is based on the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998). In making its determination, the court must evaluate factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about the applicable law in the plaintiff's favor. *Id.*

■ Holloway admits that there is no contractual privity or contract of insurance between himself and Travelers or the individual defendants. Rather, he contends that his allegations of negligence against the individual defendants are viable causes of action. The plaintiff claims that Travelers and the individual defendants assumed a duty to defend him and protect his interests by taking the following actions:

1. Bjerke (a salaried employee of Travelers) allegedly received the Fowler lawsuit by fax in December 2009 but did nothing with it.

2. Robinson (a salaried employee of Travelers) received the Fowler lawsuit, decided to assume the defense of Holloway, and sent the Fowler lawsuit to Travelers staff counsel.

3. Perrotta (a salaried employee of Travelers) sent a letter of representation to Holloway.

4. MacKenna (a salaried employee of Travelers) spoke with Holloway on the telephone about defending him and met with Holloway to have him sign a verification affidavit for the answer to the Fowler lawsuit; she also told Holloway that a motion to open the default "was being worked on."

The plaintiff contends that Georgia law allows him to assert claims of negligence against these individual defendants for actions taken in the course and scope of their employment. However, the plaintiff has cited no cases in which individual employees of an insurance company have been held liable for failing to provide a defense to an insured. He does cite *Schofield Interior Contractors, Inc. v. Standard Building Co., Inc.*, 293 Ga.App. 812, 668 S.E.2d 316, 318 (2008) for the proposition that "a servant, as a wrongdoer, is liable individually for a tort committed within the scope of his master's business." However, this liability stemmed from the professional duty imposed upon the individual defendant in his capacity as a building supervisor. In the case at hand, the plaintiff contends that the three individuals *undertook* a duty to defend him in the Fowler lawsuit and then performed it negligently. The court disagrees. The factual allegations against the three Travelers' employees are that each person performed his or her role in evaluating and responding to a lawsuit filed against an insured of Charter, which had a contractual duty to defend the insured. There are no factual allegations that any of the three employees acted independently or outside the scope of their employment.

■ "It is well settled that mere failure to perform a contract does not constitute a tort. A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law." *USF Corp. v. Securitas Sec. Services USA, Inc.*, 305 Ga. App. 404, 699 S.E.2d 554, 558 (2010). There are simply no facts alleged to indicate that any duty on the part of the individual employees to defend the insured arose independently from the contract between Charter and the insured.

Based on the foregoing, the plaintiff's negligence claims against MacKenna, Bjerke, and Robinson are due to be dismissed. Given the dismissal of these individuals, there is complete diversity among

the parties, and this court has jurisdiction. Therefore, the motion to remand [Doc. No. 29] is DENIED.

The court notes that the motion to dismiss did not encompass Travelers. However, given that the only duty to defend the plaintiff arose from his contract with Charter, Travelers is not a proper defendant. Therefore, the plaintiff shall show cause in writing within 10 days why this court should not dismiss Travelers as a defendant.[1]

### III. Motion for Partial Summary Judgment

 The plaintiff has moved for judgment as to the liability of Charter and Travelers [Doc. No. 11]. In response, the corporate defendants seek denial of this motion and a finding by the court, as a matter of law, that the plaintiff is barred from recovering under a theory of waiver or estoppel [Doc. No. 21]. Because this court has determined that there is no viable cause of action against Travelers, only the motion for partial summary judgment as to Charter is ripe for adjudication. However, because the motion for partial summary judgment was filed before Charter was served as a defendant and because Charter has not had the benefit of discovery, the motion for partial summary judgment [Doc. No. 11] is DISMISSED as premature.

### IV. Motion for Protective Order

Travelers has filed an unopposed motion for protective order [Doc. No. 8] seeking to quash a subpoena the plaintiff sent via mail to Westlaw outside the jurisdiction of this court. Because the subpoena is beyond the reach of this court's jurisdiction, the motion for protective order [Doc. No. 8] is GRANTED.

### V. Conclusion

(1) the motion for oral argument [Doc. No. 12] is DENIED;

(2) the motion to dismiss the individual defendants [Doc. No. 19] is GRANTED;

(3) the motion to remand [Doc. No. 29] is DENIED;

(4) the motion for partial summary judgment [Doc. No. 11] is DISMISSED as premature;

(5) the motion for protective order [Doc. No. 8] is GRANTED;

(6) the plaintiff is DIRECTED to show cause in writing within 10 days why Travelers should not be dismissed as a party to this lawsuit.

---

1. Because this court has rejected the plaintiff's argument regarding the voluntary undertaking of his defense, this argument will not be considered as a response to the show cause directive.