A11A0769. CITY OF ATLANTA v. BENATOR et al.
A11A0770. BENATOR et al. v. K & V METER AUTOMATION, LLC et al.
A11A0771. K & V METER AUTOMATION, LLC et al. v. CITY OF ATLANTA.
A11A0772. METALS & MATERIALS ENGINEERS, LLC v. CITY OF ATLANTA.

(714 SE2d 109)

SMITH, Presiding Judge.

The consolidated cases in this interlocutory appeal come from a putative class action filed against the city of Atlanta ("the city"), K & V Meter Automation, LLC ("K & V"), Khafra Operations, LLC ("Khafra"), Metals & Materials Engineers, LLC ("MME"), and Neptune Technology Group, Inc. ("Neptune")[1] by residents who claim they were overcharged for water and sewage use. For the reasons set forth below, we affirm in part, and reverse in part in Case No. A11A0769; affirm in Case No. A11A0770, affirm in part, and reverse in part in Case No. A11A0771; and affirm in part, and reverse in part in Case No. A11A0772.

In their complaint against the defendants, the plaintiffs assert that they were overcharged for water consumption by the city after the city's contractors (K & V and MME) installed new automatic meter reading technology designed to transmit meter readings to mobile or hand-held devices. They assert that "a programming malfunction in computer software provided by K & V . . . caused a large number of meters to miscalculate water usage . . . "; that K & V and MME "failed to properly calibrate registers to correspond with the size of meters they were intended to read"; that Khafra improperly estimated water usage; and that the city was refusing to hear appeals from its water customers despite ostensibly providing an appeal process. The plaintiffs also assert that the city

> failed to perform a proper investigation and survey of the existing meters prior to starting the project, causing the wrong equipment to be ordered and installed. Of the newly installed or refurbished meters sampled by auditors, more than 75% were found to be damaged in some way. Furthermore, the new meters which were functioning were found to be accurate only 87% of the time, far less than the 100 percent promised by the city.

After filing responsive pleadings, the city, K & V, Khafra, and MME

---

[1] Neptune is not a party to this appeal. The plaintiffs also sued the city of Atlanta Department of Watershed Management, but subsequently consented to its dismissal.

filed motions to dismiss the complaint. In a single order, the trial court granted in whole or in part, and denied in whole or in part the various motions. The trial court granted a certificate of immediate review to MME, the plaintiffs, and the city, and this court granted the parties' applications for interlocutory review.

In Case No. A11A0769, the city asserts the trial court erred by (1) denying its motion to dismiss each named plaintiff in the putative class action who failed to provide an ante litem notice under OCGA § 36-33-5; and (2) denying its motion to dismiss three counts in the complaint that do not seek money damages under OCGA § 36-33-5. In Case No. A11A0770, the putative class plaintiffs assert the trial court erred by concluding (1) that they were not third-party beneficiaries of the contracts between the city and its contractors (K & V, MME, and Khafra); and (2) that the economic loss rule precluded their negligence claims. In Case Nos. A11A0771 and A11A0772, the city's contractors contend the trial court erred by denying their motion to dismiss the city's cross-claims for indemnity and contribution as well as its claim for attorney fees.

## Case No. A11A0769

1. The city asserts that the trial court should have granted its motion to dismiss all of the named plaintiffs who failed to provide the required ante litem notice under OCGA § 36-33-5. This statute provides, in relevant part:

> (a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section.
>
> (b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

. . .

The record shows that the ante litem notice sent to the city by the named plaintiffs' current counsel stated:

> The persons filing claims will include at least Mrs. Lisa Cervera Webb and a class of currently unnamed plaintiffs. The class will consist of persons who have been victim to the City Water Department's erroneous billing practices.... Atlanta resident Mrs. Webb has been over-billed an amount in excess of $2,500 over the past few months. Hundreds of other residents have suffered identical treatment.

According to the city, the only named plaintiff for whom this notice was adequate was Mrs. Webb. Because the other named plaintiffs failed to provide the required ante litem notice, the city argues its motion to dismiss those plaintiffs should have been granted.

This is an issue of first impression in Georgia, but existing case law provides guidance. Notice under the ante litem statute must be provided separately for each individual plaintiff in a non-class action lawsuit. See, e.g., *Goen v. City of Atlanta*, 224 Ga. App. 484, 485-486 (1) (481 SE2d 244) (1997) (rejecting claim that notice provided by a different plaintiff in another case "on behalf of the named plaintiff in that case and all other persons similarly situated" provided adequate notice under the ante litem statute for a plaintiff in a separate lawsuit). But with regard to analogous prerequisites to suit, action taken by a named plaintiff or plaintiffs is sufficient to satisfy the requirement for other unnamed class members generally. See *Schorr v. Countrywide Home Loans*, 287 Ga. 570, 571 (697 SE2d 827) (2010) (pre-litigation written demand for liquidated damages under former OCGA § 44-14-3); *Barnes v. City of Atlanta*, 281 Ga. 256, 257-258 (1) (637 SE2d 4) (2006) (pre-litigation claim for tax refund under OCGA § 48-5-380).

Based upon this law, the city concedes that all members of any class certified in the future would be entitled to participate as general class members. See id. It takes issue, however, with the named plaintiff (Webb) contending that she may represent the interests of other named plaintiffs without class certification and in the absence of an ante litem notice naming each plaintiff. Based upon the public policy expressed in both OCGA § 36-33-5 (ante litem notices) and OCGA § 9-11-23 (class actions), we agree.

The Georgia Supreme Court has held that the purpose and intent of the legislature in requiring ante litem notice to a municipality

> was fourfold; to afford the officials of an offending city opportunity to investigate the complaint at a time when the

evidence relative *thereto* is calculated *to* be more readily available, to afford them opportunity, if the complaint relates to a continuing nuisance, to take proper steps to abate it before the effects thereof become great or far reaching, to bar a claimant's right of recovery for any and all claims arising by reason of matters that may have transpired or existed giving rise to a cause of action on dates more than six months prior to the giving of the required ante litem notice, and to afford the city an opportunity to negotiate a settlement of such claims as it may determine to be meritorious before litigation is commenced, thus protecting the interests of the general public by reducing the exposure of the funds in the city treasury to depletion from growing claims for damages.

*City of Gainesville v. Moss*, 108 Ga. App. 713, 715 (1) (134 SE2d 547) (1963), overruled on other grounds, *City of Chamblee v. Maxwell*, 264 Ga. 635, 638 (452 SE2d 488) (1994).

Requiring all of the named plaintiffs in a class action to comply with the ante litem notice requirements of OCGA § 36-33-5 will further the policy expressed in OCGA § 9-11-23 (a) (3), that the claims of the representative be typical of the claims of the class. Additionally, it will promote judicial economy in the event the proposed class is not ultimately certified because the individual claims of any named plaintiff who failed to comply with the ante litem notice provisions would have to be dismissed if attempted class certification fails. Finally, it will promote the public policy embodied in the ante litem statute by providing the city with an opportunity to investigate the individual claims of each named plaintiff seeking to represent the class as a whole. The identity of each named plaintiff may also provide information valuable to the city's evaluation of the likelihood of class or subclass certification and its potential liability exposure.

Accordingly, we reverse the trial court's denial of the city's motion to dismiss the named plaintiffs who failed to comply with the ante litem notice provisions of OCGA § 36-33-5.

2. Named plaintiffs Kristen Edwards and Nannette Fisher urge this court to allow them to remain as named plaintiffs based upon written appeal forms submitted by them to the city which substantially complied with the requirements of OCGA § 36-33-5. We cannot consider the merits of this claim, however, because the alleged appeal forms do not appear in the record before us, and the trial court did not rule upon these contentions. See *Atlanta Taxicab &c. v. City of Atlanta*, 281 Ga. 342, 352 (5) (638 SE2d 307) (2006) (declining to determine whether party substantially complied with ante litem

notice requirements when issue not ruled upon by trial court).

3. The city asserts the trial court erred by concluding that the named plaintiffs' claims for unjust enrichment (Count 2), money had and received (Count 3), and breach of the city code to the extent it seeks monetary relief (Count 8) are exempt from the ante litem notice requirement because they do not seek "money damages" within the meaning of OCGA § 36-33-5. It asserts that all named plaintiffs other than Mrs. Webb should have been dismissed from all counts other than 1, 5, and 9.[2]

The city's characterization of the trial court's order is not entirely accurate. The trial court's order makes no reference to "money damages," but states instead: "The Court notes the Plaintiffs also argue that *ante litem* notice is not required in the instant suit because the Plaintiffs do not allege injuries to persons or property but are rather seeking restitution of overpayment of water fees. The Court concurs in this analysis."

The ante litem notice provides that notice must be given of "a claim for money damages against any municipal corporation *on account of injuries to person or property*." (Emphasis supplied.) OCGA § 36-33-5 (a). The notice must state "the time, place, and extent of the injury, as nearly as practicable, *and the negligence which caused the injury*." (Emphasis supplied.) OCGA § 36-33-5 (b). "This statute is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms." (Citation, punctuation and footnote omitted.) *Neely v. City of Riverdale*, 298 Ga. App. 884, 885 (1) (681 SE2d 677) (2009).

The issue before us, therefore, is not merely whether the complaint sought "money damages," but also whether there has been a claim "on account of injuries to person or property." OCGA § 36-33-5 (a).

"Property" at common law was limited to tangible realty or personalty, and therefore cannot be extended to include property rights in contracts. . . . In the case of claims arising out of contracts, as contrasted with torts, the city, being a

---

[2] The complaint sought injunctive relief (Counts 1 and 9), economic damages flowing from trespass to and dispossession of personalty (Count 4), breach of contract (Count 5), damages from negligence (Count 6), damages from fraud (Count 7) , and attorney fees and expenses of litigation under OCGA §§ 9-15-14 and 13-6-11 (Count 10). The city concedes on appeal that no ante litem notice was required for Counts 1, 5, and 9, but makes no argument and cites no authority with regard to Counts 4, 6, 7, and 10. It appears based upon the briefs and argument below that the only contested issue before the trial court related to Counts 2, 3, and 8. We therefore construe the trial court's order denying this portion of the city's motion to dismiss as applying only to these contested counts (2, 3, and 8).

party to the contract, is already on notice as to the existence and the circumstances of the contract which is the basis of the claim; therefore the reason for such notice does not exist. Thus, the ante litem notice requirement of OCGA § 36-33-5 is not applicable to suits for breach of contract.

(Citations, punctuation and footnotes omitted.) *Neely*, supra, 298 Ga. App. at 885-886 (1).

In Count 2 (unjust enrichment), the named plaintiffs assert the city and its water department overcharged them and should be required to return the amounts overcharged. In Count 3 (money had and received), the named plaintiffs seek a refund of amounts overpaid. In Count 8 (breach of city code), the named plaintiffs sought damages "in an amount to be proven at trial" for the city's failure to properly administer customer appeals.

We find that no ante litem notice was required for the claims asserted in Counts 2, 3, and 8 because they are not claims for injury to person or property. *Neely*, supra. We therefore affirm the trial court's denial of the city's motion to dismiss Counts 2, 3, and 8.

## Case No. A11A0770

In this appeal, the plaintiffs assert that the trial court erred by granting the motion to dismiss filed by K & V, Khafra, and MME (collectively "the city contractors"). The trial court granted the motion to dismiss based upon its conclusion "that there is no privity of contract between Plaintiffs and these Defendants; nor can it be said that under Georgia law Plaintiffs are third party beneficiaries of the Contract between the City and [the city contractors]. The Court concurs with [the city contractors] . . . that the economic loss rule prohibits suit in tort in this case as to these purported defendants."

On appeal, we review the trial court's grant of a motion to dismiss de novo. *South Point Retail Partners, LLC v. North American Properties Atlanta,* 304 Ga. App. 419 (696 SE2d 136) (2010).[3]

A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the

---

[3] Because the contracts at issue were attached to the pleadings in this case and there is no dispute as to their authenticity, the trial court could properly consider them, and the motion to dismiss did not convert to a summary judgment motion. *Milhollin v. Salomon Smith Barney, Inc.,* 272 Ga. App. 267, 268 (612 SE2d 72) (2005).

movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Stendahl v. Cobb County,* 284 Ga. 525, 526 (1) (668 SE2d 723) (2008).

4. After viewing the allegations of the plaintiffs' complaint in this light, we conclude that it fails to allege a viable breach of contract claim against the city contractors as third-party beneficiaries of the contracts between the city and these entities.

The general rule, embodied in OCGA § 9-2-20 (a), requires that an action on a contract "shall be brought in the name of the party in whom the legal interest in the contract is vested. . . ." The exception to the general rule allows "[t]he beneficiary of a contract made between other parties for his benefit [to] maintain an action against the promisor on the contract." OCGA § 9-2-20 (b). "In order for a third party to have standing to enforce a contract under [this Code section] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." (Citations and punctuation omitted.) *Miree v. United State*s 242 Ga. 126, 135 (3) (249 SE2d 573) (1978). And "although the third-party beneficiary does not need to be specifically named in the contract, the contracting parties' intention to benefit the third party must be shown on the face of the contract." (Citations and punctuation omitted.) *Donnalley v. Sterling,* 274 Ga. App. 683, 685 (1) (618 SE2d 639) (2005) (member of sports team renting facility not third-party beneficiary of rental contract between the team and the property owner).

In the context of contracts entered into with a public entity, our courts have repeatedly recognized that such contracts benefit the public, but these benefits are typically incidental to the contract and do *not* create third-party beneficiary status. See *Miree*, supra, 242 Ga. at 135-136 (3) (contract to maintain airport); *Backus v. Chilivis*, 236 Ga. 500, 501-503 (II) (224 SE2d 370) (1976) (contract to perform tax appraisals); *Mitchell v. Ga. Dept. of Community Health*, 281 Ga. App. 174, 181 (3) (a) (635 SE2d 798) (2006) (contract to administer state health benefit plan); *Page v. City of Conyers*, 231 Ga. App. 264, 267-268 (1) (b) (499 SE2d 126) (1998) (customers not third-party beneficiary of franchise agreement for water and sewer services).

(a) With regard to K & V, the plaintiffs support their third-party beneficiary claim by pointing to various contract provisions regarding K & V's contract responsibilities during installation of the equipment.

They also point to the following provision regarding K & V's meter reading duties: "The Contractor is responsible for ensuring that all City customers and their properties are treated with respect and consideration and providing professional customer service."

We decline to find that these contract provisions regarding installation and customer service manifest a clear intent to confer the specific benefit claimed by the plaintiffs in this case with regard to the accuracy of their water bills. The named plaintiffs in this case have "no more standing that any other member of the public, and we cannot conclude that the contract was intended for the individual benefit of any claimant." *Miree*, supra, 242 Ga. at 136. "Like all contracts entered into by government entities, these agreements benefited all citizens indirectly . . . but these benefits were only incidental. Merely entering into a contract for the benefit of the public does not create third-party beneficiary status under Georgia law." *Page*, supra, 231 Ga. App. at 267-268 (1) (b).

(b) The plaintiffs rely upon only one specific contract provision with regard to Khafra, and it is one we have already considered above in Division 4 (a). Specifically, the provision regarding meter reading customer service based upon Khafra's assumption of K & V's contractual obligation to perform meter reading. For the same reasons stated in Division 4 (a), we conclude that the plaintiffs were not third-party beneficiaries of the contract between Khafra and K & V.

(c) In support of its claim against MME, the plaintiffs point to various provisions in MME's contract with the city to repair and replace water meters. After reviewing each of these provisions, we find they do not manifest a clear intent to confer the benefit claimed by the plaintiffs in this case for the same reasons stated in Division 4 (a).

Based on all of the above, we affirm the trial court's grant of a directed verdict to the city contractors on the plaintiffs' breach of contract claims.

5. The plaintiffs also assert that the trial court erred by granting the city contractors' motion to dismiss based upon the economic loss rule. They claim the trial court misapplied the rule to the facts of the present case. We disagree.

OCGA § 51-1-11 (a) provides:

> Except as otherwise provided in this Code section, no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done

independently of the contract and except as provided in Code Section 11-2-318.[4]

"Although a tort is the unlawful violation of a private legal right other than a mere breach of contract, OCGA § 51-1-1, private duties may arise from relations created by contract, and the violation of a private duty accompanied by damage shall give a right of action. OCGA § 51-1-8." *Unger v. Bryant Equipment &c.*, 255 Ga. 53, 54 (1) (335 SE2d 109) (1985). In negligent construction cases, our courts have concluded that these claims arise "not from a breach of contract claim but from breach of a duty implied by law to perform the work in accordance with industry standards. This cause of action arises in tort and exists independently of any claim for breach of contract." (Citations and punctuation omitted.) *Rowe Dev. Corp. v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 769 (2) (525 SE2d 123) (1999). See also *Schofield Interior Contractors v. Standard Building Co.*, 293 Ga. App. 812, 814 (668 SE2d 316) (2008) (independent cause of action exists for negligent supervision of construction work).

When an independent cause of action exists and there is no allegation that a product is defective, our courts have traditionally held that "[t]he 'economic loss' versus 'physical damage' dichotomy that is used in products liability cases can find no application. . . ." (Citations omitted.) *Unger*, supra, 255 Ga. at 54 (1). More recently, however, both the Georgia Supreme Court and this court have applied the economic loss rule outside of product liability cases. See *Gen. Elec. Co. v. Lowe's Home Centers*, 279 Ga. 77 (608 SE2d 636) (2005) (applying economic loss rule to preclude suit for lost profits when land development contract for business expansion cancelled due to alleged contamination by defendant of adjacent non-owned property needed for expansion); *J. Kinson Cook of Ga. v. Heery/Mitchell*, 284 Ga. App. 552, 555-556 (a) (644 SE2d 440) (2007) (applying economic loss rule to preclude negligent supervision claim seeking recovery for increased costs in construction contract); *Remax the Mountain Co. v. Tabsum, Inc.*, 280 Ga. App. 425, 427-428 (634 SE2d 77) (2006) (precluding tort suit for economic losses caused by damage to real property not owned by plaintiffs). The Georgia Supreme Court reasoned that application of the economic loss rule outside the product liability context was appropriate because it "provides the certainty of a bright-line rule, affords predictability to courts and parties alike, and avoids the unfairness to defendants that would come with duplicative liability for the same damage." *Gen. Elec.*, supra, 279 Ga. at 80 (2). It appears, therefore, that the

---

[4] OCGA § 11-2-318 extends warranties under the commercial code to members of a buyer's family or household. It does not apply here.

economic loss rule can be used to provide guidance here as to whether a claim exists independent of the contract.

The plaintiffs contend that the city contractors violated a duty owed to them independent of the contract based upon the negligent construction cases. In the cases relied upon by the plaintiffs, however, the breach of the duty resulted in damage to or defects in property in which the plaintiffs held a protected interest.[5] See, e.g., *Young v. Oak Leaf Builders*, 277 Ga. App. 274 (626 SE2d 240) (2006) (property damage to homeowners in form of lost value due to negligent construction of home on easement); *Rowe*, supra, 240 Ga. App. at 766 (plaintiffs' parking area deteriorated and collapsed due to defendant's negligent paving work); *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521 (428 SE2d 426) (1993) (property damage in form of construction defects in home owned by plaintiffs).

In this case, the only specific damages alleged by the plaintiffs are overpayments to the city for which they seek a refund. They do not seek damages due to injury to their persons or to their real or personal property. Based upon the particular facts and circumstances of this case, we decline to find the existence of a duty independent of the contract and affirm the trial court's dismissal of the plaintiffs' negligence claims against the city contractors.

### Case No. A11A0771

K & V and Khafra assert that the trial court erred by denying their motion to dismiss the city's claims against them for contribution, indemnity, and attorney fees and expenses under OCGA § 13-6-11.

6. We find no merit in K & V and Khafra's contention that the trial court erred by denying their motion to dismiss the city's claim for contribution on the ground that "there is no longer a claim for contribution in Georgia." In support of their argument, they point to the requirement of apportionment in OCGA § 51-12-33 (b):

> *Where an action is brought against more than one person for injury to person or property*, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the

[5] Our opinion in *Schofield*, supra, 293 Ga. App. at 812, does not alter this conclusion. The opinion is silent as to the interest of the plaintiffs and cites negligent construction cases in which the plaintiff held an interest in the damaged property. Id. at 814. See *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (a) (202 SE2d 189) (1973); *Fields Bros. Gen. Contractors v. Ruecksties*, 288 Ga. App. 674, 676 (1) (655 SE2d 282) (2007).

> percentage of fault of each person. *Damages apportioned by the trier of fact as provided in this Code section* shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and *shall not be subject to any right of contribution.*

(Emphasis supplied.) This Code section does not apply to the case before us because we have already determined that this case does *not* involve "injury to person or property."

7. K & V and Khafra assert that the trial court should have dismissed the city's claim for contractual indemnity. The indemnity provision at issue provides:

> In addition to its agreement to obtain and maintain the insurance as set forth herein above, Contractor agrees to indemnify and hold harmless the City of Atlanta, its officers, agents and employees *from any and all claims against the City of Atlanta*, its officers, agents or employees *which arise out of any negligent act or omission of Contractor or any sub-contractor* employed by the Contractor or any of their officers, agents or employees, *and any and all claims which result from any condition created or maintained by the Contractor or any sub-contractor* employed by the Contractor or any of their officers, agents or employees, which condition was not specified to be created or maintained by this Agreement. Contractor further agrees that its agreement to indemnify and hold harmless the City of Atlanta, its officers, agents, and employees shall not be limited to the limits of the liability insurance under this Agreement and the attached specifications.

(Emphasis supplied.)

(a) They assert that this indemnity agreement does not include the plaintiffs' non-negligence claims against the city because those claims do not "arise out of a negligent act or omission" of a contractor or any sub-contractor as a matter of law. We disagree. "Under Georgia law, where a contract provides that a loss must 'arise out of' a specified act, it 'does not mean proximate cause in the strict legal sense,' but instead encompasses 'almost any causal connection or relationship.' " (Citations omitted.) *Lawyers Title Ins. Corp. v. New Freedom Mtg. Corp.*, 285 Ga. App. 22, 30 (2) (645 SE2d 536) (2007). Under this analysis, the plaintiffs' claims against the city could have a causal connection or relationship to the appellant's negligence even though they are not direct negligence claims against the city or the appellants in the strict legal sense. The trial court did

not err by denying this portion of appellants' motion to dismiss.

(b) K & V and Khafra contend the indemnity agreement should not be construed to indemnify the city for any portion of the city's negligence. We disagree.

> [W]here, as here, an indemnification clause requires indemnification of losses that "arise out of" certain specified events but does not explicitly mention the indemnitee's negligence, the clause still requires full indemnification although the indemnitee's negligence may have partially caused the loss.

(Citations omitted.) *Lawyers Title*, supra, 285 Ga. App. at 30 (2). The plaintiff's complaint sets forth facts from which it could be inferred that their losses resulted from negligent acts on the part of both the city and appellants. The trial court did not err by denying this portion of the appellants' motion to dismiss.

(c) K & V and Khafra contend this court should conclude that the indemnity agreement is void based upon OCGA § 13-8-2 (b), which provides that an indemnity agreement in a construction contract is against public policy and void if it requires one party to indemnify another "against liability or claims for damages, losses, or expenses, including attorney fees, *arising out of bodily injury to persons, death, or damage to property* caused by or resulting from the sole negligence of the indemnitee. . . ." (Emphasis supplied.) We find no merit in this contention because as noted in Division 6 above, the damages asserted in this case do not arise "out of bodily injury to persons, death, or damage to property." Id. See *West Side Loan Office v. Electro-Protective Corp.*, 167 Ga. App. 520 (306 SE2d 686) (1983).

> [I]t is well settled that contracts will not be avoided by the courts as against public policy, except where the case is free from doubt and where an injury to the public interest clearly appears. In examining this case we also follow the rule that the courts must exercise extreme caution in declaring a contract void as against public policy and should do so only in cases free from doubt.

(Citations, punctuation and footnotes omitted.) *Hayes v. Lakeside Village Owners Assn.*, 282 Ga. App. 866, 871 (5) (640 SE2d 373) (2006).

8. K & V and Khafra assert the trial court should have dismissed the city's claim for equitable or common law indemnity. We agree.

> The duty to indemnify may arise by operation of law, independently of contract. If a person is compelled to pay

damages because of negligence *imputed to him* as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him.

(Citations, punctuation and footnotes omitted; emphasis supplied.) *Nguyen v. Lumbermens Mut. Cas. Co.*, 261 Ga. App. 553, 557 (2) (583 SE2d 220) (2003). Because no allegations of imputed negligence or vicarious liability have been made in this case, "common law indemnity principles do not apply," and the appellants' obligations to indemnify are governed by contract. Id. The trial court therefore erred in denying this portion of K & V and Khafra's motion to dismiss.

9. (a) In their final enumeration of error, K & V and Khafra argue that the city's claim for attorney fees and expenses of litigation under OCGA § 13-6-11 should have been dismissed because the city failed to assert an independent claim against them. See *Waters v. Glynn County*, 237 Ga. App. 438, 440 (3) (514 SE2d 680) (1999) (OCGA § 13-6-11 does not create independent cause of action). Based on our holding in Division 7 (a) that the city's claim for contractual indemnity survives, this argument has no merit.

(b) We likewise find no merit in K & V and Khafra's contention that the city's claim for attorney fees and expenses of litigation is subject to a motion to dismiss because the city allegedly "seeks recovery of expenses based solely on events which occurred after the underlying cause of action arose." At this early stage of the litigation we cannot state "with certainty" what may be shown by the evidence, nor can we conclude that the city cannot recover "under any state of provable facts." (Citation and punctuation omitted.) *Stendahl*, supra, 284 Ga. at 525 (1).

## Case No. A11A0772

In its appeal, MME asserts the trial court should have granted its motion to dismiss the city's cross-claims for indemnification and contribution.

10. MME asserts the trial court should have granted its motion to dismiss the city's claim for equitable or common law indemnity. We agree for the reasons outlined in Division 8 of this opinion.

11. MME argues the trial court should have granted its motion to dismiss the city's claim for contribution because the contract of indemnity defines "the relationship between the parties." It cites no direct authority for this proposition, and we decline to so hold at this early stage of the proceedings and in the absence of any other argument as to why the city is not entitled to contribution under

OCGA § 51-12-32 (a).

12. MME contends that the trial court should have declared the indemnity provision in its contract void for violating public policy under OCGA § 13-8-2 (b). We find no merit in this argument for the same reasons stated in Division 7 (c) of this opinion.

*Judgment affirmed in part and reversed in part in Case No. A11A0769. Judgment affirmed in Case No. A11A0770. Judgment affirmed in part and reversed in part in Case No. A11A0771. Judgment affirmed in part and reversed in part in Case No. A11A0772. Mikell and Dillard, JJ., concur.*

DECIDED JULY 6, 2011.

*Sutherland, Laurance J. Warco, John H. Fleming, Allegra Lawrence-Hardy, Laura Sauriol-Gibris, Amanda M. Conley*, for City of Atlanta.

*Webb, Klase & Lemond, Edward A. Webb, Matthew C. Klase, Chamberlain, Hrdlicka, White, Williams & Martin, William L. Pratt, John M. Parsons*, for Benator.

*Griffin & Strong, Rodney K. Strong, Holland & Knight, Alfred B. Adams III, Vernon M. Strickland*, for K & V Meter Automation et al.