[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13668
_____

D.C. Docket No. 4:13-cv-00449-CDL

ALEXANDER CONTRACTING COMPANY, INC.,
United States of America, ex rel,
HYDRO GREEN LLC,
United States of America, ex rel,

Plaintiffs-Counter-
Defendants-Appellees,

versus

SAUER, INC.,
FEDERAL INSURANCE COMPANY,

Defendants-Counter
Claimants-Cross Claimants,

JACOBS ENGINEERING GROUP INC,
f.k.a. Jordan Jones & Goulding Inc,

Defendant-Cross Defendant-
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 5, 2016)

Before TJOFLAT, MARCUS and ROGERS,[*] Circuit Judges.

PER CURIAM:

This case arose out of a U.S. Army Corps of Engineers roadway construction project at Fort Benning, Georgia.  Sauer, Inc., was the Corps' general contractor; Alexander Contracting Co. and Hydro-Green were Sauer's paving subcontractors, and Jacobs Engineering, Inc., was the engineer Sauer employed to design the project.

This appeal involves Alexander and Hydro-Green's claim that Jacobs negligently misrepresented the thickness of the pavement that the Corps' contract with Sauer required.  They alleged that, in bidding for the paving work, they relied on Jacobs' representation that the paving would consist of 4.5 inches of asphalt, instead of the six inches of asphalt as the Corps' specifications required. Consequently, their bids for the paving work, which Sauer accepted, were too low and they had to absorb the cost of the additional 1.5 inches of asphalt.  The jury found that Jacobs made the negligent misrepresentation alleged, that Alexander

_____

[*] Honorable John M. Rogers, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

and Hydro-Green reasonably relied on it to their detriment, and that their losses amounted to $356,664 and $114,311 respectively, and therefore assessed their damages in those amounts.

Jacobs moved the District Court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), arguing that Alexander and Hydro-Green were required to prove professional negligence and had failed to do so, and that they had failed to prove Jacobs had misrepresented a material fact which Alexander and Hydro-Green had reasonably relied on to their detriment. Jacobs moved the court to provide on the verdict form submitted to the jury for apportionment of damages between Jacobs and Sauer. The court denied Jacobs' motion. Jacobs challenges these dispositions in this appeal.

After entertaining oral argument and considering the parties' briefs, we find no error in the District Court's denial of Jacobs' motion. The evidence was plainly sufficient to support the jury's verdict and the denial of Rule 50(b) relief. As for the apportionment issue, we discern no misapplication of Georgia law. Because Georgia's apportionment statute, Ga. Code § 51-12-33, requires the trier-of-fact to apportion damages only in cases involving injury to person or property, the statute does not require apportionment in this case. *See City of Atlanta v. Benator*, 714 S.E. 2d 109, 117 (Ga. Ct. App. 2011).

AFFIRMED.

3